70893. JACKSON v. THE STATE.
(334 SE2d 731)

DEEN, Presiding Judge.

The appellant, Billy Jackson, was convicted of robbery by intimidation. On appeal, Jackson contends that the evidence was insufficient to support the conviction, and that the trial court gave an inappropriate jury charge on theft by taking.

Around midnight on December 15, 1984, Jackson entered a convenience store, where he picked up some food items and approached the counter. No other customers were present. According to the store clerk, Jackson then began to talk about the money in the cash register. Jackson remarked that "this be white folks' stuff, and you ain't got to act like this"; with his hand in his coat pocket, Jackson mentioned weapons and dying for white folks' money, and then said "if I were you, I'd go ahead on and give me the money." The clerk then handed over the money (approximately $65 — 70) in the cash register. Jackson was apprehended soon afterwards, at which time he had $71 but no weapon.

According to Jackson, however, the store·clerk had suggested that he take the money and later give him a share of it. Jackson had initially declined, but eventually had accepted the money that the clerk had placed upon the counter. He denied making any menacing remarks to the clerk. *Held*:

1. Jackson contends that there was insufficient evidence of the necessary element of intimidation, relying upon *Long v. State*, 12 Ga. 293, 321 (1852), which explained that "if the fact be attended with such circumstances of terror — such threatening by word or gesture, as in common experience, are likely to create an apprehension of danger, and induce a man to part with his property for the safety of his person; it is a case of robbery." However, the store clerk's testimony recounting Jackson's words, gestures, and suggestions certainly was sufficient to establish this particular element, *Edenfield v. State*, 41 Ga. App. 252 (152 SE 615) (1930); and, reviewing the evidence in the light most favorable to the jury's verdict, we conclude that the evidence authorized any rational trier of fact to find Jackson guilty of robbery by intimidation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Jackson v. State*, 249 Ga. 751, 754 (295 SE2d 53) (1982).

2. Jackson concedes that the trial court gave an appropriate charge on robbery by intimidation, part of which is the elemental intent to commit theft, but he contends that the trial court's concomitant definition of theft and subsequent charge on theft by taking as a lesser included offense created a Churchillian "riddle wrapped in a mystery inside an enigma" confusing to the jury.[1] This enumeration is spurious. The trial court properly defined theft in conjunction with the charge on robbery by intimidation, and properly instructed the jury on theft by taking, the definition of which was taken verbatim from OCGA § 16-8-2. We find nothing in the jury charge that could have confused the jurors into thinking that any taking by any means and without intimidation could be a robbery by intimidation.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 5, 1985.

*Carl J. Wilson, Jr.*, for appellant.

*Willis B. Sparks III, District Attorney, Virgil L. Adams, Assistant District Attorney*, for appellee.

---

[1] This court is not unfamiliar with conundrum cases. Compare *Lee v. Venable*, 134 Ga. App. 92 (213 SE2d 188) (1975). Perhaps experience does breed familiarity.