## 71186. POPE et al. v. THE STATE.
(335 SE2d 478)

BANKE, Chief Judge.

Clarence Pope and Rossano McKeiver were jointly convicted of armed robbery. On appeal, they contend that the trial court erred in refusing to suppress evidence of a pre-trial photographic lineup which resulted in their identification by the victim and that the evidence was insufficient to support the verdict. *Held*:

1. Within three hours after the robbery occurred, the victim was shown a series of photographs of eight different individuals with simi-

lar physical characteristics, from which he identified the appellants as the perpetrators. Although appellants claim that certain markings had been placed on the back of their photographs, the victim denied ever viewing the backs of any of the photographs until after he had completed the identification. There is no evidence to indicate that any suggestive measures whatever were utilized to obtain the identifications. After the witness had selected the appellants' photographs, he asked how he had done and was told by a police officer that he "did good"; however, this conversation could not have influenced the identifications, since they had already been made. We accordingly find no support for a conclusion that the pre-trial photographic lineup was unnecessarily suggestive or conducive to irreparable mistaken identification. Accord *Moore v. State*, 174 Ga. App. 826 (2) (331 SE2d 115) (1985). See also *Harper v. State*, 251 Ga. 183 (2) (304 SE2d 693) (1983); *Perry v. State*, 173 Ga. App. 541 (1) (327 SE2d 527) (1985). It follows that the trial court did not err in admitting this evidence.

2. The evidence shows that the victim was forced at gunpoint into his own pickup truck by two men who relieved him of his money and some personal articles, including a ring and cigarette lighter, before setting him free from the vehicle. A witness who had observed the incident led a police officer to a parked van in which she had seen the assailants immediately prior to the abduction. Appellant Pope was arrested upon his return to the van shortly thereafter. A pouch containing appellant McKeiver's driver's license was found inside the van at this time; however, neither the van nor the pouch were seized. A ring and lighter belonging to the victim were later discovered in the rear seat of the police car in which Pope was transported to jail. Three days after the robbery, a police officer observed McKeiver carrying a set of jumper cables near the victim's truck, which had been discovered parked with the hood open. McKeiver was apprehended in some bushes two blocks away from the truck, and the pouch containing his driver's license was found lying a few feet away from him. Although both appellants maintained their innocence, and McKeiver presented an alibi defense, we are satisfied that the evidence as a whole was amply sufficient to enable a rational trier of fact to find both appellants guilty of armed robbery beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Brennon v. State*, 253 Ga. 240 (2) (319 SE2d 841) (1984).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 24, 1985.

*Dennis R. Kruszewski*, for appellants.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Wendy L.*

*Shoob, Assistant District Attorneys*, for appellee.