### 71342. MICKENS v. THE STATE.
(341 SE2d 316)

Sognier, Judge.

Appellant was convicted of voluntary manslaughter and appeals. He contends the trial court erred by allowing testimony as to his confession because it was not given freely and voluntarily due to his high degree of intoxication. Appellant also contends the trial court erred by failing to make findings of fact as to the voluntariness of his confession.

Charles Cooper died as a result of two gunshot wounds inflicted by appellant. James Tarvin, a GBI agent, learned that appellant had been present at the time of the shooting and was in the hospital with multiple stab wounds. Tarvin testified at a *Jackson-Denno* hearing (*Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)) that he went to the hospital and after informing appellant he was a GBI agent investigating the shooting of Charles Cooper, asked appellant if he was in pain and if he would be willing to talk to Tarvin. Appellant stated he was not in pain and would be happy to talk to Tarvin. Appellant was advised of his rights and stated that he understood them; he then signed a waiver of rights form. Mickens then made a detailed statement of events leading up to the shooting and the shooting itself, which Tarvin reduced to writing at appellant's request. Tarvin testified that appellant was coherent, seemed to understand everything, and was very alert and very awake. Tarvin noticed no odor of alcohol about appellant, he was very steady on his feet and his speech was not slurred at all. Appellant did not appear to Tarvin to be intoxicated, and the only indication Tarvin had that appellant was intoxicated was appellant's statement that he had been drinking, and a report of the results of a blood alcohol test received subsequently showing a blood alcohol count of .26 grams per cc of blood. Tarvin's testimony was the only evidence presented at the hearing other than hospital records relating to appellant's physical condition.

In deciding admissibility during a *Jackson-Denno* hearing, the trial court must determine the admissibility of the statement under the "preponderance of the evidence" standard. *Fowler v. State*, 246 Ga. 256, 258 (3) (271 SE2d 168) (1980). Applying this standard to the

facts of this case, there was nothing to indicate that appellant's statement, even if made while he was intoxicated, was not the product of rational intellect and free will. Reviewing the evidence before the trial court, we find that the trial judge was authorized to find that appellant was rational and coherent and that his statement was given knowingly and voluntarily. *Pittman v. State*, 245 Ga. 453, 456 (1) (265 SE2d 592) (1980); *Fowler*, supra. The mere fact that appellant was intoxicated at the time of the statement does not render it inadmissible. *Mullis v. State*, 248 Ga. 338, 340-341 (9) (282 SE2d 334) (1981). Hence, we find no error in the trial court's determination that appellant's statement was admissible. *Durden v. State*, 250 Ga. 325, 327 (2) (297 SE2d 237) (1982).

Appellant's contention that the trial court erred by failing to make specific findings of fact and a determination of credibility of witnesses at the *Jackson-Denno* hearing is without merit. We note initially that appellant's argument on this issue is not based on the failure to make findings of fact; rather, he argues that the trial judge excluded consideration of appellant's blood alcohol count from his determination of voluntariness. This argument is not supported by the transcript, which shows that the trial court questioned Tarvin extensively about appellant's state of intoxication and the significance of appellant's blood alcohol count. The court also admitted the hospital records on this issue, and considered those records in making its determination of voluntariness.

In *Sims v. Georgia*, 385 U. S. 538, 544 (87 SC 639, 17 LE2d 593), the court held: "Although the judge need not make formal findings of fact [at a *Jackson-Denno* hearing] or write an opinion, his conclusion that the confession is voluntary must appear from the record with unmistakable clarity." In the instant case, after hearing Tarvin's testimony and reviewing hospital records of appellant, the trial judge stated: "I have reviewed this [the hospital record] and it reinforces my feeling that the statement was freely and voluntarily given and is admissible." In our opinion this meets the requirement of *Sims*, supra, that the judge's conclusion appears from the record with unmistakable clarity.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 17, 1986.

*Jerry M. Daniel*, for appellant.
*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.