### 71009. BOSWORTH v. THE STATE.
(342 SE2d 22)

BENHAM, Judge.

Raising two enumerations of error, Michael Wayne Bosworth appeals his conviction of armed robbery in the Superior Court of Cobb County.

1. The crux of appellant's first enumeration of error is that the in-court identification was tainted by an earlier on-the-spot identification that was impermissibly suggestive. Adequate consideration of this enumeration requires that we summarize some of the salient facts. Shortly after 5:00 a.m. on July 3, 1982, the victim was traveling on a Cobb County road when he was hailed by what he thought to be

a stranded motorist. When he exited from his car to render assistance, he was attacked with a knife by the supposedly stranded motorist and a cohort who emerged from the bushes. The sum of $246 was taken from the victim. The first policeman on the scene received a description of the perpetrators from the victim and immediately conveyed the description to the second officer who arrived at the scene. The second officer remembered an encounter less than 30 minutes earlier with a man fitting the description, and also remembered he had seen the same man en route to the crime scene. The officer motored back up the road and detained appellant. The victim was immediately brought to the detention scene, which was approximately two miles away from the crime scene. Viewing the suspect from approximately 40 feet away, the victim made a tentative identification. Upon the arrival of a senior investigative officer, the victim was taken up close for a face-to-face identification wherein the victim positively identified appellant as one of the perpetrators.

We find particularly instructive the language of *Arnold v. State*, 155 Ga. App. 782, 783 (272 SE2d 751) (1980): "As a general rule, the one-on-one confrontation between the [victim] and the suspect before a trial has been condemned. See *Stovall v. Denno*, 388 U. S. 293, 302 (87 SC 1967, 18 LE2d 1199). However, our appellate courts have consistently upheld the admission of in-court identifications when prior one-on-one showups are reasonably and fairly conducted at or near the time of the offense. [Cits.]"

The facts of this case fit squarely within the *Arnold* exception "[w]hen prior one-on-one shows are reasonably and fairly conducted at or near the time of the offense." Here the identification took place along a likely escape route within two miles of the crime scene, and the tentative and positive identifications were made within 45 minutes of the incident. During the armed robbery itself, the victim had an ample opportunity to view the perpetrator, viz, when he stood less than two feet away at the car window during the scuffle. There was ample lighting from several sources: headlights, military base spotlights, and lighting at a used car lot. The suspect matched the prior description in terms of height, weight, color and length of hair, and manner of dress. Lastly, the victim expressed absolute certainty as to the identification. Therefore, taking into consideration the totality of the circumstances as outlined in *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972), and reiterated in *Burks v. State*, 174 Ga. App. 304 (329 SE2d 590) (1985), we find that the identification process falls within the sanctioned limits and that this enumeration is without merit.

2. Appellant contends in his second enumeration of error that the trial court erred in admitting results of a polygraph examination. The evidence unequivocally shows that appellant and his attorney

agreed in writing for the polygraph test results to be admitted. Therefore, this enumeration is controlled by the language of *State v. Chambers*, 240 Ga. 76 at 77 (239 SE2d 324) (1977): "We rule today that upon an express stipulation of the parties that they shall be admissible, the results of a lie detector test shall be admissible as evidence for the jury to attach to them whatever probative value they may find them to have." Hence, this enumeration must fail.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 3, 1986.

*William M. Bristow, Roland R. Castellanos*, for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Assistant District Attorney*, for appellee.