## A91A0849. ALFORD v. THE STATE.
### (408 SE2d 497)

SOGNIER, Chief Judge.

Dave Alford, Jr. was tried before a Clayton County jury on charges of armed robbery and kidnapping. He was acquitted on the kidnapping charge and convicted of robbery by intimidation. He appeals from the judgment entered on the jury's verdict.

Appellant's sole enumeration of error is that the trial court erred by denying his motion for a directed verdict of acquittal on the armed robbery charge made on the ground that there was no evidence he was armed during the commission of the robbery. The victim testified that he was driving his car on a Clayton County road on the evening of May 2, 1990, and was stopped at a red light when appellant got into his car and ordered him to drive to a nearby apartment complex. The victim testified that although he saw no weapon, he could not see appellant's right hand because appellant was resting his hand below the edge of the seat. When the two men arrived at the apartment complex, the victim testified, appellant struck the victim in the face with a "blunt object" the victim said felt like metal and that the victim thought was a gun. Appellant pushed the victim out of his car, struggled briefly with him, and then jumped into the driver's seat and drove away. Both the victim and two eyewitnesses to this struggle testified they never saw appellant with a gun. As a result of the blows to his head, the victim lost three teeth and received 11 stitches in his forehead and at least ten inside his lip.

The physician who treated the victim testified that the victim's lacerations were consistent with the victim's statement that he was hit with a pistol, and that a fist was less likely to cause the type of injuries the victim suffered. Appellant testified he was not armed during the incident, that he struck the victim with his fist only to ward off unwanted sexual advances, and that he has a metal plate in his knuckle as a result of surgery to repair a boxing injury.

A criminal defendant is entitled to a directed verdict of acquittal only when there is no conflict in the evidence and the evidence introduced at trial, together with all reasonable deductions and inferences therefrom, demands a verdict of acquittal. Leonard v. State, 197 Ga. App. 221, 223 (3) (398 SE2d 250) (1990). We find the victim's testimony that he was struck with a blunt metal object that he thought was a gun, combined with the evidence of the severity of his injuries and the likely cause of such injuries, constituted circumstantial evidence of " '[s]ome physical manifestation of a weapon . . . or some

evidence from which the presence of a weapon may be inferred.' . . . [Cit.]" *Hughes v. State*, 185 Ga. App. 40, 41 (363 SE2d 336) (1987). Compare *Tate v. State*, 191 Ga. App. 727, 728 (2) (382 SE2d 688) (1989). Accordingly, the trial court did not err by denying appellant's motion for directed verdict. Since the trial court was authorized to charge the jury sua sponte on the lesser included offense of robbery by intimidation, see *State v. Stonaker*, 236 Ga. 1, 2 (2) (222 SE2d 354) (1976), and given that the evidence was sufficient under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) to authorize a conviction of the offense of robbery by intimidation, see *Johnson v. State*, 195 Ga. App. 56, 57-58 (1) (b) (392 SE2d 280) (1990), we find no error.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JULY 15, 1991.

*Emmett J. Arnold IV,* for appellant.

*Robert E. Keller, District Attorney, Tracy G. Gladden, Assistant District Attorney,* for appellee.