A92A0113. DANIELS v. THE STATE.
(418 SE2d 790)

COOPER, Judge.

Appellant was convicted by a jury of burglary and appeals from the denial of his motion for new trial.

On October 16, 1989, a Lamar County school bus garage was burglarized and a truck, as well as a quantity of tools and other items, were stolen. On October 24, 1989, appellant was driving the stolen truck when he approached a police road block in DeKalb County. Appellant was arrested when a routine check revealed that appellant's driver's license had been suspended. The police then discovered the vehicle was stolen. At the police department, appellant told an interviewing officer that he got the truck from a Timothy Barkley; that he was going to purchase the truck from Barkley; and that he had already paid Barkley money toward the purchase of the truck. Appellant did not provide specifics of his encounter with Barkley and could not give the police a phone number or an exact address at which to locate Barkley. Police officers testified at trial that they tried to locate Barkley, to no avail. At the end of October, the supervisor of the school bus garage was reviewing the telephone bill of the garage and

noticed a call made to Atlanta at 9:05 p.m. on the night of the burglary. After determining that the call had not been made by employees of the garage, the supervisor notified the police about the bill. The person whose number appeared on the telephone bill was a Mattie Mae Lee ("Lee") who testified at trial that in October 1989, she lived in Atlanta at the number that appeared on the telephone bill; that she knew appellant; and that she did remember receiving a phone call from appellant in October 1989 during which he told her that he was out of town. Lee also testified that she did not know anyone named Timothy Barkley. When the police searched the truck after appellant's arrest, they found a Bill of Sale which listed appellant as the buyer and which referenced the truck, but did not reference Lamar County or Barkley as the seller. Various of the spaces on the Bill of Sale had been previously altered with "white-out." The officers also found in the truck a license tag receipt, which again did not reference Lamar County as the owner, but did have the correct vehicle identification number of the truck. The supervisor of the garage testified that when he searched the truck upon its return by the police, he discovered another license tag receipt in the glove compartment which contained the correct vehicle identification number for the truck but not the correct tag number. Again, spaces in this receipt had been altered with "white-out." The supervisor testified that the truck was bought new by Lamar County.

Appellant's sole enumeration of error is that the trial court erred in denying his motion for directed verdict. "A directed verdict of acquittal should be granted only where 'there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal. . . .' [Cit.]" *Tyler v. State*, 198 Ga. App. 685, 687 (2) (402 SE2d 780) (1991). "On appeal a reviewing court may consider all the evidence in the case [cit.], and must view the evidence in the light most favorable to the verdict. [Cit.]" *Hawkins v. State*, 195 Ga. App. 739 (1) (395 SE2d 251) (1990). Based upon our review of the evidence presented at trial, " '(w)e cannot say that there was "no conflict in the evidence and the evidence . . . demand(ed) a verdict of acquittal." ' [Cit.]" *Horton v. State*, 194 Ga. App. 797, 798 (1) (a) (392 SE2d 259) (1990). Although the State's case was based on circumstantial evidence, such evidence "is not required to exclude every hypothesis save that of guilt, but only reasonable ones." *Tyler,* supra at 687. Appellant contended that he purchased the truck from Barkley, yet he could give the police no specific information regarding Barkley. The phone call made from the garage on the evening of the burglary was to an acquaintance of appellant and the acquaintance did not know Barkley. Appellant offered no explanation for this phone call. Appellant was in possession of the truck, which contained altered documents of sale. On these facts, the

jury could conclude that the only reasonable explanation was that appellant was guilty of the crime charged. Id.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MAY 11, 1992.

*Martin & Martin, Harold E. Martin,* for appellant.
*Tommy K. Floyd, District Attorney, Marie R. Banks, Assistant District Attorney,* for appellee.