## A92A2154. PRICE v. THE STATE.
(427 SE2d 830)

POPE, Chief Judge.

Defendant Ronald Price was convicted of armed robbery and appeals.

1. The victim, a taxi driver, testified and identified defendant as the man who robbed him of his vehicle at gunpoint. In an effort to impeach the victim, defendant presented evidence that the victim initially gave a description of the perpetrator that was, in some particulars, inconsistent with defendant's physical characteristics. In addition to the victim's testimony, the evidence showed defendant was found asleep in the stolen vehicle four days after the theft and that a pistol was found in the vehicle. Defendant requested a charge on circumstantial evidence and argues the trial court erred in refusing to give it. We agree.

"*Horne* [*v. State*, 93 Ga. App. 345 (4) (91 SE2d 824) (1956)] stands for the proposition that if the jury could have found that the state's witnesses had been impeached, such that it was left to determine the defendant's guilt or innocence *solely* on the basis of circumstantial evidence in the case, the trial court must charge the law of circumstantial evidence." *Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991). In an effort to clarify confusion over the requirement for a charge on circumstantial evidence, the Supreme Court in *Robinson* announced a new rule: "that where the state's case depends, in whole or in part, on circumstantial evidence, a charge on the law of circumstantial evidence must be given on request. This rule will apply whether or not the jury is authorized to find that the direct evidence presented by witness testimony has been impeached." Id. at 699-700. In this case, both circumstantial and impeachment evidence were

presented and the trial court thus erred in failing to instruct the jury, upon request, on the law of circumstantial evidence and in denying defendant's motion for new trial on this ground. See *Russ v. State*, 204 Ga. App. 689 (420 SE2d 373) (1992).

2. We have examined defendant's remaining enumerations of error, including defendant's assertion that the evidence was insufficient to sustain his conviction, and find them meritless.

*Judgment reversed. Carley, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 10, 1993.

*Debra B. Randall*, for appellant.

*Lewis R. Slaton, District Attorney, Barry I. Mortge, Assistant District Attorney*, for appellee.