## A93A1139. HOGAN v. THE STATE.
### (435 SE2d 494)

BLACKBURN, Judge.

The appellant, Sherren Hogan, was charged alternatively with one count of armed robbery and one count of robbery by intimidation. Following a trial by jury, he was found guilty of robbery by intimidation and sentenced to 15 years' imprisonment with credit for time served. Hogan was acquitted of the armed robbery charge. The trial court denied his subsequent motion for new trial but permitted Hogan's filing of this out-of-time appeal.

1. Hogan maintains that the trial court erred in denying his motion for a directed verdict of acquittal as the evidence was insufficient to support his conviction. We disagree.

At trial, the 73-year-old victim testified that on the morning of April 13, 1989, she went to a service station for the purpose of purchasing gas for her 1979 Ford LTD. She exited her automobile and entered the store to pay for the gas. As she attempted to get back into her automobile after she filled the fuel tank, a young man wearing camouflage clothing appeared at her car door with one of his hands in his pocket and repeatedly stated that he wanted her automobile and that he had a gun. The victim became frightened when the man grabbed her car keys out of her hand, jumped into her car, and left the parking lot. After the automobile was located in North Carolina and returned to the victim, the victim found camouflage clothing in the trunk of the automobile, which clothing had not been in the trunk at the time that the automobile was stolen. In addition to the clothing, a job application bearing Hogan's name was found in the automobile. According to an officer investigating the theft, Hogan fit the description given by the victim of the robbery suspect.

In addition to the victim's testimony, the evidence produced by the State showed that Hogan was in Lexington, North Carolina, on April 18, 1989, five days after the theft, in possession of the subject automobile. Initially, Hogan denied his identity but his wallet contained a driver's license and a picture I.D. of him. Hogan later maintained that the car belonged to a friend, but he was unable to provide the officers with the name of the friend. As a result, Hogan was arrested. He later stated that he took the Ford LTD from two men who he overheard admit to the theft of the vehicle at a restaurant located within a mile of the scene of the theft. Hogan also admitted that the clothing found in the trunk of the automobile belonged to him but he denied wearing same on the date of the robbery. A checkbook, on which Hogan's name had been imprinted, was found in a bag containing items of clothing. Hogan did not present any evidence or testify on his behalf.

" 'A directed verdict of acquittal should be granted only where

"there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal. . . ." (Cit.)' [Cit.]" *Daniels v. State*, 204 Ga. App. 222, 223 (418 SE2d 790) (1992). See also OCGA § 17-9-1 (a). "A conviction for robbery by intimidation, OCGA § 16-8-40 (a) (2), which is a lesser included offense of armed robbery, OCGA § 16-8-41 (a), requires proof that the theft was attended with such circumstances of terror — such threatening by word or gesture, as in common experience, are likely to create an apprehension of danger, and induce a person to part with his property for the safety of his person." (Citation and punctuation omitted.) *Johnson v. State*, 195 Ga. App. 56, 58 (1) (392 SE2d 280) (1990). In the case sub judice, the victim identified Hogan as the perpetrator from a photographic array as well as in court. Further, Officer Burrows testified that the defendant fit the description given by the victim of the perpetrator. In addition, the victim's testimony concerning Hogan's gestures and demands at the time that he approached her automobile was sufficient to establish the element of intimidation. Id.

"On appeal of a criminal conviction, the standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citations and punctuation omitted.) *Browning v. State*, 207 Ga. App. 547, 548 (1) (428 SE2d 441) (1993). "The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction." (Citations and punctuation omitted.) *Cottingham v. State*, 206 Ga. App. 197 (1) (424 SE2d 794) (1992). Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found Hogan guilty beyond a reasonable doubt of robbery by intimidation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Alford v. State*, 200 Ga. App. 483 (408 SE2d 497) (1991); *Johnson*, supra. Accordingly, this enumeration is without merit.

2. Next, Hogan maintains that the trial court erred in refusing to charge the jury on the law of circumstantial evidence. We disagree.

Where the State's case *depends*, in whole or in part, upon circumstantial evidence and a *proper* request to charge the law on circumstantial evidence adjusted to the fact that there is a mixture of direct and circumstantial evidence in the case is made, it is error to fail to give such charge, without regard to whether or not the State's evidence has been impeached. *Mims v. State*, 209 Ga. App. 901 (434 SE2d 832) (1993); *Robinson v. State*, 261 Ga. 698, 699 (410 SE2d 116) (1991). Defendant's reliance on *Price v. State*, 207 Ga. App. 327 (427 SE2d 830) (1993), is misplaced because the identity of the defendant

in *Price* might have resulted from a reliance on circumstantial evidence as, unlike the subject case, the identification testimony was arguably impeached with the result that the jury might have relied upon circumstantial evidence to establish an essential element of the offense charged. In the instant case, the State did not rely on circumstantial evidence to prove any essential element of the offense charged. In *Berry v. State*, 262 Ga. 614 (4) (422 SE2d 861) (1992), the Supreme Court held that the failure of the trial court to give the requested charge on circumstantial evidence was not error where, as in this case, the court adequately instructed the jurors on direct and circumstantial evidence and the requested charge on circumstantial evidence was not properly adjusted to the evidence. The requested charge was not adjusted to the existence of both direct and circumstantial evidence in the subject case. "If any portion of a requested charge is inapt, incorrect, misleading, confusing, not adequately adjusted or tailored, or not reasonably raised or authorized by the evidence, denial of the charge request is proper." *Harris v. State*, 202 Ga. App. 618 (414 SE2d 919) (1992); *Hill v. State*, 259 Ga. 557 (3b) (385 SE2d 404) (1989).

3. Lastly, Hogan maintains that the trial court erred in charging the jury that they could convict him if they found that he took the victim's property by sudden snatching. Contrary to Hogan's contentions, the trial court recharged the jury, at their request, as to the definition of robbery codified in OCGA § 16-8-40, which included the definition, as Hogan complains, by sudden snatching. "It is generally not error to give an entire Code section in a charge, even though part of the section may be inapplicable to the allegations and the evidence. [Cit.]" *Cottingham*, 206 Ga. App. at 198. While Hogan maintains that a portion of the Code section complained of was unnecessary based upon the allegations and evidence in the instant case, "we will neither impute an adverse construction to the charge nor give so little credence to the ability of the jury to select that portion of the statute obviously applicable to the facts and issues presented for their determination." (Citations and punctuation omitted.) *Kennedy v. State*, 205 Ga. App. 152, 156 (5a) (421 SE2d 560) (1992). There is nothing about that portion or the rest of the charge that supports Hogan's contention that the jury was misled to believe that they could have convicted him if they found that he effectuated a robbery by snatching. Accordingly, we find no reversible error.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

Decided August 24, 1993.

*Melissa M. Nelson*, for appellant.

*J. Tom Morgan, District Attorney, Gregory A. Adams, Robert M. Coker, Assistant District Attorneys*, for appellee.