## A98A0633. DAVIS v. THE STATE.
(502 SE2d 779)

Judge Harold R. Banke.

Stacey Lamar Davis appeals his convictions of armed robbery (two counts), kidnapping, burglary, and possession of a firearm during the commission of the unlawful entry into a building. He contends the evidence was insufficient to support the verdict and that the trial court erred in failing to instruct the jury not to read any newspaper articles relating to the case prior to allowing the jury to disperse pending the beginning of trial. *Held*:

1. Davis contends the evidence was insufficient to support his

convictions because he was coerced into committing these offenses. On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict. Moreover, the appellant no longer enjoys the presumption of innocence, and the appellate court does not weigh the sufficiency of the evidence or judge the credibility of the witnesses. *Grant v. State*, 195 Ga. App. 463 (393 SE2d 737) (1990).

OCGA § 16-3-26 precludes a person from being guilty of any crime except murder "if the act upon which the supposed criminal liability is based is performed under such coercion that the person reasonably believes that performing the act is the only way to prevent his imminent death or great bodily injury." Coercion is an affirmative defense, see OCGA § 16-3-28, and the burden rests upon the State to disprove coercion beyond a reasonable doubt. *Aleman v. State*, 227 Ga. App. 607, 608 (489 SE2d 867) (1997).

According to Davis, co-defendant Micah Ivey grabbed him from behind, handed him a BB gun, and told him he knew of a trailer he had been watching. Also, Davis testified repeatedly that he was very scared of Ivey and that Ivey threatened to kill him if he did not cooperate. Finally, Davis testified that Ivey displayed a silver, .25 caliber handgun when he was attempting to coerce Davis into helping with the crimes.

To disprove Davis' coercion defense, the State offered the testimony of the victims' neighbor, Alfrieda Savage. Savage testified that she saw Davis and another individual, who was later identified as Davis' co-defendant, walking together earlier in the day and walking together again about two hours later. Savage also testified she saw Davis coming out of the victim's living room window along with Ivey about 4:00 p.m. that same day. The victim, Alfred Clay, testified that Davis and Ivey acted in concert. They both tied him up, they both had guns, and they both carried him to the back of his trailer. Clay listened to them talk for approximately four hours while Davis and Ivey waited to ambush Mrs. Clay. Clay testified that he recognized Davis' voice. Lastly, Detective Porter testified that he apprehended Davis and Ivey not far from the Clays' residence while they seemed to be walking together. After his arrest, Davis gave a statement to Detective Porter, but never mentioned coercion. Although Davis' and the State's versions of the facts are in contravention, "[a]s long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." *Jessup v. State*, 224 Ga. App. 176, 177 (480 SE2d 232) (1996). Moreover, whether the State has met its burden of disproving coercion is a question for the jury. *Harris v. State*, 223 Ga. App. 661 (478 SE2d 458) (1996). The jury resolved this issue against Davis, and as its verdict meets the standard of *Jackson v. Virginia*,

443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), it will not be disturbed on appeal.

2. Davis asserts the trial court erred in denying his motion for a continuance based on the trial court's failure to instruct the jury not to read any newspaper articles relating to the case prior to allowing them to disperse prior to the trial. Whether to grant a request for continuance based upon alleged pretrial publicity is within the sound discretion of the trial court and will not be disturbed on appeal absent a showing of abuse. *Curtis v. State*, 212 Ga. App. 237 (2) (441 SE2d 776) (1994). Here, a single factual newspaper article appeared on the eve of trial in the Tifton Gazette. The trial court conducted an extensive voir dire of the individual jurors which disclosed no suggestion that the jurors had formed any fixed opinion as to the guilt or innocence of Davis based on any pretrial publicity. See *Page v. State*, 159 Ga. App. 344 (283 SE2d 310) (1981). Based on the foregoing, we cannot conclude the trial court abused its discretion in denying Davis' motion for continuance.

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED JUNE 16, 1998.

*Lon P. Kemeness*, for appellant.

*C. Paul Bowden, District Attorney, Nancy G. R. Smith, Assistant District Attorney*, for appellee.