## A99A1309. STEWART v. THE STATE.
### (523 SE2d 592)

PHIPPS, Judge.

Does one impersonate a peace officer when, driving a newer model Ford Crown Victoria (a car commonly used by police), he pulls up to the bumper of a speeding car at 1:30 in the morning, shines his bright lights into the car, pulls the car over by activating a siren and flashing blue lights, approaches the driver's window of the car and asks the driver for his driver's license, insurance and registration? A jury answered, "Yes." Freddie Stewart appeals, challenging the sufficiency of the evidence for the jury's verdict and the trial court's denial of his motion for a directed verdict.

Stewart arrived at Nick's Big Apple Club on a Saturday night just before closing time. Stewart drank one or two beers and purchased a table dance from one of the topless dancers, Sandra Patrella. Stewart wanted Patrella to dance another, but time did not

---

permit. When Patrella left the club, Stewart secretly followed her. He watched her gas her car, take a friend home and then proceed toward her own home in another town. The car Stewart stopped was also following Patrella. It was driven by her boyfriend, who told Stewart he was following her home. Patrella noticed the stop and went back and asked Stewart "what was going on." He did not answer. Stewart did not attempt to arrest the boyfriend, but accused him of drinking, told him to go back to the town they had left, and that he would take Patrella home. Patrella told Stewart she wanted her boyfriend to take her home. Nevertheless, Stewart followed the two of them to Patrella's house.

The standard of review is the same for the sufficiency of evidence for a conviction and the denial of a motion for directed verdict of acquittal.[1] It is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[2] One impersonates a peace officer if he (a) falsely holds himself out as a peace officer (b) with intent to mislead another into believing that he is actually such officer.[3]

Stewart points out that he did not say he was a peace officer, he did not wear a uniform, he did not display a badge, his car was not marked as a police car, his blue lights were unplugged when he was arrested the next day, and there was no evidence that he carried a weapon. He asserts that testimony he used blue lights was the only possible evidence that he held himself out as a peace officer and claims even that must be rejected because the jury acquitted him on a second charge for using blue lights. Stewart also asserts that he had the right to make a citizen's arrest because the car he stopped was traveling erratically and going 85 mph.

Although Stewart did not expressly state he was a peace officer, when the evidence is considered in the light most favorable to the prosecution, it was sufficient to overcome a motion for a directed verdict and to support a conviction. The sufficiency does not depend upon whether Stewart used flashing blue lights or flashing white lights, as he testified. Also, because Georgia no longer recognizes the inconsistent verdict rule,[4] we cannot infer that the jury did not believe Stewart used blue lights. Finally, without addressing whether Stewart could have made a valid citizen's arrest, the ques-

---

[1] *Hogan v. State*, 210 Ga. App. 122, 123 (1) (435 SE2d 494) (1993).

[2] (Citation, punctuation and emphasis omitted.) Id.; *Gray v. State*, 213 Ga. App. 507, 509 (1) (445 SE2d 328) (1994).

[3] See OCGA § 16-10-23.

[4] *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986); *Kimble v. State*, 236 Ga. App. 391, 393 (1) (512 SE2d 306) (1999).

tion of whether he was actually attempting to do so and not impersonating an officer was a matter for the jury to determine.

After reviewing the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found Stewart guilty beyond a reasonable doubt of the crime for which he was convicted.[5] The trial court did not err in denying the motion for a directed verdict.

*Judgment affirmed. Barnes and Ellington, JJ., concur.*

DECIDED OCTOBER 15, 1999.

*Salter, Shook & Craig, Mitchell M. Shook,* for appellant.
*J. Thomas Durden, Jr., District Attorney,* for appellee.

