## A00A1111. JOWERS v. THE STATE.
### (535 SE2d 294)

PHIPPS, Judge.

Timothy Jowers appeals his conviction of robbery by intimidation. He challenges the sufficiency of the evidence, the admission of proof of an independent crime, and the denial of his motion to suppress evidence of a police officer's identification of him. We find no merit in these claims of error and affirm.

Larry Sarver, manager of a Waffle House in DeKalb County, testified that in the early morning of June 19, 1998, an African-American male entered the restaurant and began talking to Crystal Buchans, a waitress. After Sarver approached him, the man reached into his pants pocket in such a way as to make it appear that he had a gun, walked behind the counter despite Sarver's protests, reached into the cash register, took money, and fled.

Sarver called 911, and, at approximately 4:30 a.m., DeKalb County Police Officers Thomas Brackin and M. L. Chadwick responded to a radio dispatch. Officer Brackin arrived at the restaurant first. While he was inside, Sarver pointed to a car stopped at a traffic light outside the restaurant and exclaimed "that's him." Officer Chadwick arrived at the restaurant at the same time and gave chase in his patrol car. He pursued the vehicle to a locked gate leading into an apartment complex. The driver stopped his vehicle 30 to 35 feet away from Officer Chadwick's and stepped out of it. Officer Chadwick then exited his patrol car with a shotgun in hand. As the driver of the other vehicle was walking toward the patrol car, Officer Chadwick instructed him to lie down on the ground. Instead, he assumed a sprinter's stance, turned and ran, scaled the gate, and fled. A check stub bearing Jowers's name was found inside the abandoned car, which was registered to a woman who shared the same address as Jowers.

Evidence was presented showing that approximately three months before the robbery in this case, Jowers entered a Mrs. Winner's restaurant also in DeKalb County, placed his hands in his pants as though he had a gun, threatened to shoot the manager if she did not open the cash register, and then left after the manager said

she did not have a key.

Apparently as a result of Jowers's arrest for the prior crime, police obtained his mug shot. A DeKalb County detective incorporated that photo of Jowers into a six-person photographic lineup. Unlike any other photo in the array, Jowers's photograph had a height chart in the background. About two weeks after the Waffle House robbery, a detective displayed the lineup to Officer Brackin, Officer Chadwick, and Buchans. Although Officer Brackin had obtained only a fleeting view of the suspect, he made a tentative or partial identification of Jowers and one other subject. Both Officer Chadwick and Buchans positively identified Jowers. The trial court suppressed Buchans's but not Officer Chadwick's pretrial identification. At trial, Officer Chadwick's pretrial identification of Jowers was admitted in evidence. After testifying that through high-illumination lights on his patrol car he got a "good look" at the subject's face from a distance of about 30 feet, Officer Chadwick also made a positive in-court identification of Jowers. Sarver did not view the pretrial photographic lineup, but he tentatively identified Jowers as the robber at trial.

1. Jowers challenges the sufficiency of the evidence to support the verdict.

Jowers raises issues relating to the weight of the evidence and credibility of the State's witnesses, which are matters for the jury to determine.[1] On appeal of a criminal conviction, we view the evidence in the light most favorable to the verdict to determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt.[2] Under these standards, the evidence was sufficient to support Jowers's conviction of robbery by intimidation.[3]

2. Jowers contends that the trial court erred in admitting evidence of the similar crime because the prejudicial effect outweighed the probative value.

In each robbery, Jowers entered a fast food restaurant where no customers and only two or three employees were present. In each, he pretended to have a gun and demanded money from the cash register. The two incidents were only months apart, and both occurred in DeKalb County. The trial court did not abuse its discretion in finding that the probative value of the similar crimes evidence outweighed the danger of unfair prejudice.[4]

3. Finally, Jowers contends that the photographic lineup was

[1] *Parker v. State*, 220 Ga. App. 303 (469 SE2d 410) (1996).

[2] Id.

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] See generally *Smith v. State*, 232 Ga. App. 290, 292 (1) (501 SE2d 523) (1998).

impermissibly suggestive to Officer Chadwick as well as to Buchans.

Determination of whether a challenged pretrial identification must be suppressed requires a two-step analysis: first, it must be determined whether the identification procedure was impermissibly suggestive. If the inquiry is answered in the affirmative, then it must be determined whether, under the totality of the circumstances, there was a substantial likelihood of irreparable misidentification, with ensuing harm.[5]

The trial court ruled that the photographic lineup would have been impermissibly suggestive to Buchans but not to Officer Chadwick, primarily because Buchans had estimated that the robber was about the same height as that shown in the photo of Jowers used in the lineup. Our review of the photographic lineup shows that the top of Jowers's head barely touches the six-foot mark of the height chart appearing in the background of his photo. According to Buchans, the robber was six feet tall. Officer Chadwick described the robber as five feet nine inches to five feet ten inches tall. Under these circumstances, we agree that the photographic lineup was impermissibly suggestive as to the waitress but not the officer.[6] Moreover, the court would have been authorized to find that even if the display of Jowers's photograph to the officer was impermissibly suggestive, there was no substantial likelihood of misidentification.[7]

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED MAY 31, 2000.

*Richard W. Marks*, for appellant.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Jeanne M. Canavan, Assistant District Attorneys*, for appellee.

---

[5] (Citations and punctuation omitted.) *Ellis v. State*, 215 Ga. App. 40, 42 (1) (449 SE2d 882) (1994).

[6] As to the suggestiveness of the photographic display to the waitress, see *Arnold v. State*, 198 Ga. App. 449 (1) (402 SE2d 69) (1991) (although defendant's photograph was only one in photographic lineup showing someone wearing clothing fitting description of that worn by robber, there was no substantial likelihood of misidentification due to victim's observations of robber during commission of the crime); as to the suggestiveness of the photographic display to the officer, see *Payne v. State*, 233 Ga. 294, 300 (II) (210 SE2d 775) (1974).

[7] See generally *Ellis v. State*, supra.