## A00A2426. SMITH v. THE STATE.
(543 SE2d 434)

MIKELL, Judge.

Danny Smith was convicted of robbery and sentenced as a recidivist to 15 years to serve. The trial court denied his motion for new trial, and he appeals, enumerating the general grounds. We affirm.

On appeal of a criminal conviction, the defendant no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the verdict to determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Jowers v. State*, 244 Ga. App. 292 (1) (535 SE2d 294) (2000).

Viewed in this light, the evidence reveals that in the pre-dawn darkness of October 24, 1999, Smith entered a grocery store wearing sunglasses and a jacket with a hood tied tightly over his head. His appearance aroused suspicion, and the police were called. He brought a few items to the register, which the cashier scanned. Then the defendant stated he forgot milk, which he went back to retrieve. The cashier testified that after he scanned the milk, the defendant removed his wallet, said he had a $20 bill, and then put the wallet away. Next, according to the cashier, the defendant said, "this is a robbery, give me the money out of the drawer." The cashier opened the register and put all the bills it contained — $147 total — in the bag with the scanned items. The defendant grabbed the bag and walked out of the store. The victim testified that the defendant put his hand in his pocket, which caused the victim to fear that the defendant might have a gun.

A police officer arrived before the defendant left the store. The officer stood outside the store and looked through the windows. He observed the defendant take a grocery bag from the counter. The officer testified that the defendant kept his hand in his jacket pocket at all times. When the defendant emerged from the store, the officer stopped him. A pat-down search yielded a ratchet inside his waistband. The defendant was holding the bag containing $147 and the stolen merchandise.

Shortly after the defendant was arrested, he made a spontane-

ous statement indicating that he had paid for the items in question and that he did not know how the $147 got into the bag. The defendant maintained his innocence at trial.

Evidence is sufficient as a matter of law if, when construed to uphold the verdict, a rational trier of fact could find all of the essential elements of the crime charged beyond a reasonable doubt. *Allen v. State*, 243 Ga. App. 730, 731 (1) (534 SE2d 190) (2000). The elements of robbery by intimidation, as charged in the indictment, include the intent to commit theft and the taking of property from the person or the immediate presence of another "by intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another." OCGA § 16-8-40 (a) (2).

> A conviction for robbery by intimidation . . . requires proof that the theft was attended with such circumstances of terror — such threatening by word or gesture, as in common experience, are likely to create an apprehension of danger, and induce a [person] to part with his property for the safety of his person.

(Citations omitted.) *Johnson v. State*, 195 Ga. App. 56, 58 (1) (b) (392 SE2d 280) (1990). In *Johnson*, the victim, a service station cashier, testified that the defendant requested change for a dollar, and that when she opened the cash register, he demanded all the money. The defendant's hand was in his jacket pocket, and the victim feared he had a weapon, although none was found on his person. Id. at 57.

In the instant case, as in *Johnson*, the cashier's testimony concerning the defendant's gestures and demand for money was sufficient to establish the element of intimidation. *Hogan v. State*, 210 Ga. App. 122 (1) (435 SE2d 494) (1993). Defendant's challenges to the weight of the evidence and the credibility of the state's witnesses were matters for the jury to decide. *Jowers*, supra. We find the evidence sufficient for the jury to find the defendant guilty of robbery by intimidation under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED DECEMBER 6, 2000.

*Richard T. Ryczek, Jr.*, for appellant.
Danny Smith, *pro se*.
*Richard R. Read, District Attorney*, for appellee.