## A00A2220. PALMER v. THE STATE.
(544 SE2d 215)

PHIPPS, Judge.

A jury found Nazarius Palmer guilty of five counts of aggravated assault, two counts of armed robbery, and one count each of burglary and kidnapping, in connection with the break-in of Harold Burke's home and the assault and robbery of Burke and his guests. Palmer contends that the trial court erred by failing to charge the jury that the State bore the burden of disproving his affirmative defense of coercion. Palmer also challenges the sufficiency of the evidence. Because the trial court did not err and the evidence was sufficient, we affirm.

1. Palmer's main defense was that his two companions coerced him into committing the crimes. At Palmer's request, the trial court charged the jury on the defense of coercion. Palmer claims that the trial court also should have charged the jury that the State had the burden of proving beyond a reasonable doubt that Palmer was not coerced, even though Palmer did not request such a charge.

When a defendant raises an affirmative defense, such as coer-

---

cion,[1] and presents evidence to support it, "the State has the burden of disproving that defense beyond a reasonable doubt."[2] If the defendant requests a charge on this burden of proof, it is reversible error for the trial court to fail to give it.[3] In the absence of a request, however, we "look[ ] to the instructions as a whole to determine whether error was committed."[4] Unless the jury charge as a whole impermissibly shifts the burden of proof to the defendant, the omission of a specific charge on the State's burden to disprove the affirmative defense is not error.[5]

In this case, the trial court instructed the jury that the defendant is presumed innocent; that the State bears the burden of proving every element of the alleged crimes; that "[t]here is no burden of proof upon the defendant whatever, and the burden never shifts to the defendant to prove innocence"; that the jury has a duty to acquit if the State fails to prove guilt beyond a reasonable doubt; that intent is an essential element of every crime and must be proven by the State; and that there is no presumption that the defendant acted with criminal intent. The court also instructed the jury on the elements of each crime with which Palmer was charged. Finally, the court gave a thorough charge on the law of coercion. "In no way could the jury charge in this case, taken as a whole, be considered burden-shifting."[6]

2. Palmer argues that the State failed to present sufficient evidence to disprove his coercion defense. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt.[7] We do not weigh the evidence or evaluate the credibility of the witnesses.[8] We will uphold the jury's verdict as long as there is some competent evidence, even though contradicted, to support each element of the State's case.[9]

At trial, Palmer testified that his companions forced him at gunpoint to accompany them into Burke's home to steal money and that he cooperated only because he feared for his life. The victims, on the other hand, testified that Palmer did most of the talking and that it did not appear that anyone was forcing him to act. One of the victims

---

[1] See OCGA §§ 16-3-26; 16-3-28.

[2] (Citation omitted.) *Bishop v. State*, 271 Ga. 291 (2) (519 SE2d 206) (1999).

[3] Id.

[4] (Citation omitted.) *Shearer v. State*, 259 Ga. 51, 54 (12) (376 SE2d 194) (1989).

[5] *Griffith v. State*, 169 Ga. App. 957 (315 SE2d 490) (1984).

[6] Id.; see also *Stansell v. State*, 270 Ga. 147, 148-149 (2) (510 SE2d 292) (1998).

[7] *Jowers v. State*, 244 Ga. App. 292, 293 (1) (535 SE2d 294) (2000).

[8] Id.

[9] *Brinson v. State*, 244 Ga. App. 40, 42 (537 SE2d 370) (2000).

stated that all of the perpetrators, including Palmer, "were very calm and knew what they were doing." Moreover, there were numerous contradictions between Palmer's testimony and that of the victims. For example, Palmer said that he did not have a gun, but three of the victims testified that he did. The jury obviously concluded that Palmer's claim of coercion was not credible, and we will not disturb that conclusion on appeal.[10]

*Judgment affirmed. Johnson, P. J., and Smith, P. J., concur.*

DECIDED JANUARY 18, 2001.

*Juwayn N. Haddad,* for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Robert M. Coker, Assistant District Attorneys,* for appellee.

---

[10] See id. (evidence was sufficient to disprove coercion defense where, among other things, victim testified that she did not see defendant being threatened or intimidated); *Davis v. State,* 232 Ga. App. 882, 883-884 (1) (502 SE2d 779) (1998) (affirming jury's rejection of coercion defense where there was testimony that defendant acted in concert with co-defendant).