**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 8, 2014**

# In the Court of Appeals of Georgia

A14A0276. SIMON v. THE STATE.

MILLER, Judge.

Convicted by a jury of robbery by intimidation (OCGA § 16-8-40 (a) (2)) as a lesser included offense of armed robbery (OCGA § 16-8-41 (a)), Isaac Simon appeals from the denial of his motion for new trial, contending that the evidence was insufficient to sustain his conviction.[1] For the reasons that follow, we reverse.

"On appeal of a criminal conviction, the defendant no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the verdict to determine if the evidence was sufficient for a rational trier of fact to

---

[1] Simon was also convicted of burglary (OCGA § 16-7-1 (a) (1998)) and simple battery (OCGA § 16-5-23 (a) (2)), but he does not challenge those convictions.

find the defendant guilty beyond a reasonable doubt." (Citation omitted.) *Smith v. State*, 247 Ga. App. 173 (543 SE2d 434) (2000).

So viewed, the evidence shows that Geraldine Jones owned the Poulan Grocery Store in Poulan, Georgia, and she and her husband, Gene, were working there on December 2, 1998. Gene was outside smoking and Geraldine was in the back of the store putting a delivery away when she heard a racket coming from the cash register. Geraldine turned and saw Simon standing at the cash register. Geraldine approached Simon and asked him what he was doing. Simon came around the counter and announced a holdup. Geraldine thought Simon had a gun. Geraldine threw some bags at Simon, and Simon lunged at her. Geraldine and Simon began wrestling, and Geraldine called for Gene to help.

When Gene came inside the store, Simon turned Geraldine loose. Simon then backed up, clasped his hands like he had a weapon, and threatened to kill Gene. Gene reached for Simon with his left hand, however, Simon hit Gene's arm and ran out through the back of the store. Gene ran after Simon and saw Simon get into a black vehicle with another male. Gene came back into the store and told Geraldine to call the police. Geraldine described the incident to dispatch, provided a description of Simon and the getaway vehicle, and gave the direction that Simon was heading.

2

Meanwhile, Gene got into his vehicle and followed Simon for a few blocks but was unable to catch him.

While responding officers from the Worth County Sheriff's Office were at the grocery store, another deputy sheriff relayed over dispatch that he spotted a black vehicle stopped along the road about a mile from Poulan Grocery Store and that one male was standing outside the vehicle. That deputy, along with Deputy Jerry Walters, stopped to talk to the male standing outside the vehicle. During this time, Deputy Walters spotted Simon coming out of the wooded area and carrying a bag in his hand. Deputy Walters called out to Simon, who turned and ran into the woods. Deputy Walters gave chase and saw that Simon set the bag down by a pine tree. Deputy Walters briefly looked inside the bag before he resumed chasing Simon, eventually losing sight of him. Around the same time, other officers had responded to the scene where Simon was spotted and set up a perimeter. One sheriff's deputy saw Simon running through the woods, chased him, and caught and arrested him.

Deputy Walters, who had retrieved the bag left behind by Simon, noticed that several items inside the bag belonged to E. Barfield, who lived nearby. Barfield identified all of the items in the bag, except a tin box of matches, as having been

stolen from his house. Deputy Walters then took the matches to Poulan Grocery Store, where the Joneses identified the matches as ones that they sold in their store.

In his sole enumeration of error, Simon contends that the evidence was insufficient to support his conviction for robbery by intimidation. We agree.

The indictment charged Simon with armed robbery for taking the matches from the Joneses by the use of a device having the appearance of an offensive weapon. OCGA § 16-8-41 (a) provides that

> [a] person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon. The offense of robbery by intimidation shall be a lesser included offense in the offense of armed robbery.

The elements of robbery by intimidation include the intent to commit theft and the taking of property from the person or the immediate presence of another "[b]y intimidation, by the use of threat or coercion, or by placing the person in fear of immediate serious bodily injury to himself or to another." OCGA § 16-8-40 (a) (2).

> A conviction for robbery by intimidation requires proof that the theft was attended with such circumstances of terror–such threatening by word or gesture, as in common experience, are likely to create an apprehension of danger, and induce a person to part with his property for the safety of his person.

4

(Citation and punctuation omitted.) *Smith*, supra, 247 Ga. App. at 174.

In this case, there is no evidence that Simon used threats or coercion to cause the Joneses to part with the matches. Although Simon told Geraldine that he was holding-up the grocery store and appeared to have a weapon, there is no evidence that Geraldine was induced to give up any property as a result of Simon's threats. Notably, before the matches recovered from Simon's bag were shown to the Joneses, they were unaware that Simon had taken anything from the store. Geraldine stated that she knew Simon had not taken any money from the register because he could not access it. Gene testified that he did not know whether Simon had taken any of the couple's property before he ran out of the store. Therefore, we must reverse Simon's conviction for robbery by intimidation because, while the Joneses may have been afraid of Simon based on his threats or actions, the evidence does not show that they parted with the matches on account of such fear. See *Taylor v. State*, 135 Ga. App. 916, 917-918 (219 SE2d 629) (1975) (reversing conviction for robbery by intimidation where the evidence showed that the defendant took the victim's wallet by force, not intimidation); *Story v. State*, 12 Ga. App. 644, 645-646 (77 SE 914) (1913) (evidence insufficient to sustain conviction for robbery by intimidation where no evidence showed that victim's money was taken by reason of being afraid of injury

5

and the money had been taken before the victim had the opportunity to realize that the occasion was one for alarm). Accordingly, Simon's conviction for robbery by intimidation is reversed and this case is remanded for resentencing on the remaining counts.

*Judgment reversed and remanded for resentencing. Doyle, P. J., concurs and Dillard, J., concurs in judgment only.*

6