## 75646. SLATER v. THE STATE.
(366 SE2d 240)

Beasley, Judge.

Convicted of possession of a weapon by an inmate, OCGA § 42-5-63, defendant appealed to the Supreme Court which transferred the case here.

1. Defendant enumerates as error the exclusion of evidence tending to establish that the State engaged in selective prosecution by indicting him but not others who had committed the same offense.

"Whether to prosecute and what charge to bring before a grand jury are decisions that generally rest in the prosecutor's discretion." *Lee v. State*, 177 Ga. App. 698, 700 (1) (340 SE2d 658) (1986). See *Noeske v. State*, 181 Ga. App. 778, 779 (1) (353 SE2d 635) (1987); *George v. State*, 175 Ga. App. 229, 230 (2) (333 SE2d 141) (1985). "To be a constitutional violation, the selective enforcement must represent an intentional and purposeful discrimination based upon some unjustifiable standard such as race, religion, or other arbitrary classification." *Sabel v. State*, 250 Ga. 640, 643 (4) (300 SE2d 663) (1983). See *Oyler v. Boles*, 368 U. S. 448, 456 (82 SC 501, 7 LE2d 446) (1962); *United States v. Batchelder*, 442 U. S. 114 (99 SC 2198, 60 LE2d 755) (1979).

The evidence offered by defendant would have supported a finding that some convicts found in possession of weapons were administratively punished rather than prosecuted. No proof was offered to support even an inference that the selective prosecution was purposeful discrimination based on an unjustifiable standard or arbitrary classification. This gap rendered it not error to reject the evidence, because it would not have established a reason to interfere with the prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U. S. 357, 364-5 (98 SC 663, 54 LE2d 604) (1978); *United States v. Goodwin*, 457 U. S. 368, 380 (n. 11) (102 SC 2485, 73 LE2d 74) (1982); *Wayte v. United States*, 470 U. S. 598, 607-608 (105 SC 1524, 84 LE2d 547) (1985).

2. Defendant admitted possession of the shank, a foot-long metal rod with a copper tubing sharpened point protruding. He offered a defense of coercion and attempted to substantiate it by showing that he carried the weapon because he was in fear, arising out of past attacks and threats, of suffering bodily harm or even loss of life at any time. The trial court restricted the evidence to that proof showing threats of, or actual, present and immediate violence.

The contours of the defense of coercion are described in *Chambers v. State*, 154 Ga. App. 620, 624 (269 SE2d 42) (1980), which in part shapes it thusly: "Coercion involves the involuntary performance of a criminal act under fear of threats or menaces involving a direct danger to life or great bodily injury where the danger is abated only

by the performance of the criminal act . . . [OCGA § 16-3-26] . . . The danger must not be one of future violence but of present and immediate violence at the time of the commission of the forbidden act. [Cits.]" See also *Hill v. State*, 135 Ga. App. 766, 767 (219 SE2d 18) (1975).

None of defendant's evidence related to present and immediate violence towards him at the time his possession of the weapon was discovered by prison officials, to justify that otherwise criminal possession. There was no showing of reasonable "fears of immediate violence" as required. *State v. Moore*, 237 Ga. 269, 271 (2) (227 SE2d 241) (1976); *Burns v. State*, 89 Ga. 527, 528 (7) (15 SE 748) (1892). Restriction of the testimony to time-relevant incidents was not erroneous.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 19, 1988.

*James M. Rea*, for appellant.
*Michael H. Crawford, District Attorney*, for appellee.