### 77578. STITT v. THE STATE.
(378 SE2d 168)

SOGNIER, Judge.

Roger Lee Stitt appeals on the general grounds from his convictions for armed robbery and aggravated assault.

In the early morning hours of January 18, 1985, a service station in Jackson County was robbed and its lone clerk assaulted. Although appellant initially denied knowledge of the assault and robbery, he eventually admitted that he had committed the crimes but claimed that he had been coerced. Appellant testified that after he had been abandoned by friends with whom he had been out drinking on the evening of January 17th, he was picked up by the driver of a U-Haul truck who coerced him at gunpoint first to "check out" or "case" the service station, and then to rob it and turn over all but $20 of the money taken in the robbery. Other evidence at trial revealed that the alleged driver of the U-Haul truck was never found, and when appellant was apprehended after a chase a search of his person yielded approximately $300, including bills containing bloodstains matching the blood type of the victim. The victim testified that he had seen the U-Haul truck stop at the service station twice that evening before the robbery, and positively identified appellant as the man who had come in twice to buy various small food items and ask directions, and as the man who crawled through the window of the security cage and assaulted him. He testified that he could see the U-Haul truck clearly each time it stopped and never saw another person in the truck. Both Deputy Evans and Investigator Scoggins of the Jackson County Sheriff's Department, who participated in the chase and apprehension of

appellant, testified that only one person was in the U-Haul, and that they were sure it was appellant.

Coercion is, of course, a defense to any crime except murder. OCGA § 16-3-26. However, the fear engendered by the coercion must be of present and immediate violence at the time the coerced crime is being committed. *Slater v. State*, 185 Ga. App. 889-890 (2) (366 SE2d 240) (1988). Coercion is a defense only if the person coerced has no reasonable way, other than committing the crime, to escape the threat of harm. *Barnes v. State*, 178 Ga. App. 205-206 (1) (342 SE2d 388) (1986). That question is for the jury, id., as are questions of the credibility of the witnesses. *Boose v. State*, 185 Ga. App. 728 (365 SE2d 534) (1988).

In the case sub judice, even if the jury had believed appellant's testimony regarding coercion, they would have been authorized to reject coercion as an affirmative defense, because appellant had ample opportunity, while in possession of the gun and away from the U-Haul, either to call upon the victim for assistance or to call the authorities himself rather than committing the crimes. Accordingly, we find that the evidence authorized the jury to convict appellant of the crimes charged, under the standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Carley, C. J., and Deen, P. J., concur.*

DECIDED JANUARY 26, 1989.

*Jerry C. Gray*, for appellant.
*Timothy G. Madison, District Attorney*, for appellee.