## A97A0631. TANKSLEY v. THE STATE.
### (487 SE2d 98)

SMITH, Judge.

Patrick Tanksley along with two other persons was charged by indictment with armed robbery (OCGA § 16-8-41) and possession of a firearm during the commission of a crime (OCGA § 16-11-106). He was tried alone. A jury found him guilty of both counts. His motion for new trial was denied, and he appeals.

Construed to support the jury's verdict, the evidence presented at trial showed that Tanksley picked up two other men and drove them in his girl friend's 1982 tan Oldsmobile to a fast food store. The other two men robbed the clerk at gunpoint and left in the car driven by Tanksley. They took the clerk's purse, the cash drawer, a bottle of wine, and a pack of cigarettes. The victim described the car as an older model, beige or tan.

Eddie Ray Lyle, a patrol officer with the Richmond County Board of Education Department of Public Safety, saw a beige car "almost run" a red light shortly thereafter. He had heard a description of the car over his police scanner and decided to follow the car. Although the description stated the car had three occupants, he observed only one. The car began evasive maneuvers, swerving around corners although not traveling at high speed. Lyle saw the driver's face numerous times as the driver looked back at him. At some point during the chase, the other two occupants of the car became visible to Lyle. He then saw the car wreck and the occupants flee. Because he was alone, he decided not to follow any of the occupants. He kept the car under observation until the arrival of sheriff's deputies. Lyle identified Tanksley as the driver the next day.

Tanksley testified in his own defense, admitting that he was driving the car, but denying he had participated in the robbery. He stated that when the two men entered the store, he did not know they were going to rob it and that when they returned to his car, he did not know they had done so. He claimed he knew nothing about a gun. He stated that the reason he evaded Lyle's police cruiser was because he had left a diversion center before completing his sentence for being a habitual violator, and he did not want to face the consequences shortly before Christmas.

Kenneth Boose, Violent Crimes Investigator for the Richmond County Sheriff's Department, testified that he processed the car the next day and discovered the victim's purse, the cigarettes, and the wine in the car. He also testified that he visited Tanksley in jail after Tanksley asked to speak with him at his probation revocation hearing. Tanksley dictated a statement to Boose in which he stated that on the night of the robbery, one of the other men had shown him his gun. Nevertheless, Tanksley claimed in the statement he did not

know about the robbery.

In three enumerations of error, Tanksley contends the trial court erred, both in denying his motion for directed verdict on the firearms .charge and in denying his motion for new trial, because the evidence was insufficient to authorize his conviction on either charge. We do not agree.

The clerk's purse was found on the front passenger floorboard of the car. Boose testified that the purse would be visible to someone sitting in the driver's seat. When viewed together with the other evidence showing Tanksley's driving the car, his evasive maneuvers, and his statement to Boose that he saw the gun, the evidence demonstrates that Tanksley knowingly participated in the armed robbery by driving the getaway car. Although Tanksley offered an explanation for his conduct, the jury was not required to believe it. *Campbell v. State*, 221 Ga. App. 105, 107 (470 SE2d 503) (1996).

The evidence was sufficient to authorize the jury to convict Tanksley as a party to the crime of armed robbery under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Ellis v. State*, 211 Ga. App. 605, 607-608 (1) (440 SE2d 235) (1994). Under similar reasoning, evidence was presented that he also aided and abetted the other two men in possessing a firearm while committing armed robbery, and the jury therefore was authorized to convict Tanksley as a party to that crime as well. *Victrum v. State*, 203 Ga. App. 377, 380 (3) (416 SE2d 740) (1992).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MAY 20, 1997.

 Before Judge Pierce.

*Stanley C. House*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.