A04A1758. TREADWELL v. THE STATE.
(613 SE2d 3)

RUFFIN, Chief Judge.

A jury found Stephen Treadwell guilty of armed robbery, possessing cocaine, and possessing a firearm during the commission of a felony. On appeal, Treadwell challenges the sufficiency of the evidence. He also contends that the trial court erred in certain evidentiary rulings. Finally, Treadwell argues that he received ineffective assistance of counsel. Finding no error, we affirm.

1. On appeal from a criminal conviction, Treadwell no longer enjoys a presumption of innocence, and we view the evidence in the light most favorable to the jury's verdict.[1] We neither weigh the evidence nor assess witness credibility, but merely ascertain whether a rational trier of fact could have found the essential elements of the

---

crimes charged beyond a reasonable doubt.[2]

Viewed in this manner, the evidence shows that on December 30, 2002, Treadwell was riding in a Toyota with Gerald Jones and James Lucas. At some point, the three drove to the Woodcliff Apartments, and Treadwell exited the car. Abel Crisanto, a resident of the complex, was walking in the parking lot when he was approached by Treadwell. According to Crisanto, Treadwell pointed a gun at his head and took his wallet and cell phone. Treadwell hit and kicked Crisanto and threw him into a power transformer. Before fleeing, Treadwell told Crisanto that if he called the police, Treadwell would kill him. Treadwell then jumped back into the back seat of the car, and he, Jones, and Lucas drove away.

Notwithstanding Treadwell's threat, Crisanto called 911, and police officers were dispatched.[3] Officer Stan Hutchins was nearby and responded quickly. As Hutchins drove into the complex, he saw a Toyota leaving the complex with three men in it. When Hutchins passed the car, he saw the man in the back seat "dive down . . . as if to conceal himself," which made Hutchins suspicious. Hutchins drove directly to Crisanto and learned that Crisanto's assailant had just left in the Toyota. Hutchins then radioed Officer Sedric Harvey, who stopped the vehicle. A search of the car yielded Crisanto's wallet, two handguns, and several small bags of cocaine totaling 1.72 grams. Crisanto was then brought to the scene of the traffic stop, where he identified Treadwell as the gunman.

Treadwell was charged with armed robbery, possessing cocaine, and possessing a firearm during the commission of a felony. Jones and Lucas also were charged with armed robbery and possessing cocaine, and all three defendants were tried jointly. Midway through trial, Jones pleaded guilty to possessing cocaine and the lesser included offense of theft by receiving, and he was subsequently called as a witness by Lucas. According to Jones, neither he nor Lucas directed Treadwell to rob Crisanto.

Contrary to Jones' testimony, Treadwell claimed that he was coerced into robbing Crisanto. Treadwell, who was 16, testified that Lucas told him to " 'go get' " the victim, which Treadwell understood as robbing Crisanto. Lucas then reached under the seat of the car toward a gun. Treadwell testified that he was afraid he was going to get shot, so he exited the car, assaulted Crisanto, and took his wallet. The jury evidently rejected Treadwell's defense and found him guilty.

On appeal, Treadwell argues that given the conflicts in the

---

[2] See id. at 264-265.

[3] Since Crisanto does not speak English, a friend served as translator and actually spoke with the operator.

evidence, the jury was not authorized to reject his coercion defense.[4] We disagree. The resolution of conflicts in the evidence is a matter for the jury.[5] And "[w]hether or not a defendant is coerced into acting is a question for the trier of fact."[6] Under the circumstances of this case, the jury certainly was authorized to conclude that Treadwell was not coerced into robbing Crisanto.[7]

2. Treadwell contends that the trial court erred in excluding evidence about prior acts by Lucas that would have explained why he feared Lucas. Specifically, Treadwell sought to testify that days earlier, Lucas had talked about "burning" or shooting people and had recklessly fired a gun into the air. According to Treadwell, this evidence supports his claim that he was coerced into robbing Crisanto. However, the State objected to this testimony, asserting that it was both irrelevant and improper character evidence, and the trial court excluded the evidence.

"The admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion."[8] We find no such abuse here. The defense of

> [c]oercion involves the involuntary performance of a crimi-
> nal act under fear of threats or menaces involving a direct
> danger to life or great bodily injury where the danger is
> abated only by the performance of the criminal act. The
> danger must not be one of future violence but of present and
> immediate violence at the time of the commission of the
> forbidden act.[9]

Based on this definition, the trial court limited Treadwell's testimony to specific threats made on the day in question. Because none of the proffered testimony related to any immediate threat, the trial court did not abuse its discretion in excluding it.[10]

---

[4] Treadwell does not directly challenge the sufficiency of the evidence supporting his conviction for possessing a firearm during the commission of a felony. Arguably, this enumeration of error is encompassed by his challenge to the armed robbery conviction. Treadwell presents no argument as to the sufficiency of the evidence supporting his conviction for possessing cocaine, and thus has abandoned such claim. See Court of Appeals Rule 25 (c) (2).

[5] See *Aleman v. State*, 227 Ga. App. 607, 609 (1) (489 SE2d 867) (1997).

[6] Id.

[7] See id.; *Palmer v. State*, 247 Ga. App. 586, 587-588 (2) (544 SE2d 215) (2001).

[8] (Punctuation omitted.) *Schneider v. State*, 267 Ga. App. 508, 510 (2) (603 SE2d 663) (2004).

[9] (Punctuation omitted.) *Wilson v. State*, 255 Ga. App. 497, 499 (2) (565 SE2d 847) (2002).

[10] See *Slater v. State*, 185 Ga. App. 889, 889-890 (2) (366 SE2d 240) (1988).

3. On appeal, Treadwell argues that the trial court erred in admitting evidence that Crisanto identified him shortly after the robbery. According to Treadwell, the "show-up" procedure used was impermissibly suggestive and created a substantial likelihood of misidentification.

Although showup identifications tend to be inherently suggestive,[11] we nonetheless find Treadwell's argument lacks merit. Even if an identification procedure is impermissibly suggestive, the evidence should be suppressed only if a substantial likelihood of irreparable misidentification exists.[12] Here, there is no such likelihood. Indeed, given the other evidence linking Treadwell to the crime — including Jones' testimony that Treadwell committed the crime and the discovery of Crisanto's wallet in the car — we find it highly *unlikely* that Treadwell was misidentified.[13]

4. Finally, Treadwell contends that he received ineffective assistance of trial counsel. In order to prevail on this claim, Treadwell must show that: (1) his attorney's performance was deficient; and (2) but for the attorney's alleged deficiency, there is a reasonable probability that the trial would have turned out differently.[14] "In meeting this burden, [Treadwell] 'must overcome the strong presumption that counsel's conduct fell within the broad range of reasonable professional conduct.' "[15] Because our inquiry focuses on the reasonableness of the attorney's conduct from his perspective at the time of trial, we will not second guess counsel's decisions regarding strategy and tactics.[16]

(a) Treadwell argues that counsel was ineffective for failing to present evidence in support of his coercion defense. Apparently, Treadwell faults his attorney for failing to have the evidence of Lucas' violent propensities introduced. Treadwell does not clarify what evidence his attorney should have introduced, but merely claims that there was "evidence of prior violent and unpredictable behavior by co-defendant Lucas." Apparently, Treadwell refers to the same evidence referenced in Division 2. For the reasons stated in Division 2, however, the trial court properly excluded the evidence. Thus, we fail to see how Treadwell's attorney can be deemed ineffective for failing to have such evidence admitted.

(b) According to Treadwell, his lawyer rendered ineffective assistance by failing to seek the severance of his trial from that of his

---

[11] See *Thomas v. State*, 269 Ga. App. 116, 117 (603 SE2d 689) (2004).

[12] See id. at 118.

[13] See id.; see also *Arrington v. State*, 244 Ga. App. 672, 674 (1) (535 SE2d 337) (2000).

[14] See *Serrate v. State*, 268 Ga. App. 276, 277 (2) (601 SE2d 766) (2004).

[15] Id.

[16] See *Williams v. State*, 248 Ga. App. 316, 322 (7) (546 SE2d 74) (2001).

co-defendants. At the hearing on Treadwell's motion for new trial, counsel testified that he opted not to pursue severance because he thought the presence of the co-defendants enhanced Treadwell's coercion defense. As counsel's decision was clearly strategic, it provides no basis for an ineffective assistance claim.[17]

(c) Treadwell contends that his attorney was ineffective in failing to subpoena the victim to the pre-trial hearing on his motion to suppress the identification evidence. Although Treadwell's argument is not entirely clear, he seems to suggest that the trial court would have granted his motion to suppress Crisanto's identification of him as the perpetrator had Crisanto testified at the hearing. However, this is mere speculation, which is insufficient to establish a claim of ineffective assistance.[18] Treadwell also suggests that his attorney should have availed himself of the opportunity to voir dire Crisanto. However, given the compelling evidence linking Treadwell to the crime, he is unable to establish that he was prejudiced by any alleged deficiency in this regard.[19]

*Judgment affirmed. Adams and Bernes, JJ., concur.*

DECIDED FEBRUARY 21, 2005 —
RECONSIDERATION DENIED MARCH 29, 2005 — 

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer*, for appellant.

*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney*, for appellee.

---

[17] See id.; *Dye v. State*, 266 Ga. App. 825, 827 (2) (a) (598 SE2d 95) (2004) (" 'the decision not to file a motion to sever is a matter of trial tactics' ").

[18] See *Howard v. State*, 267 Ga. App. 257, 260 (2) (b) (599 SE2d 231) (2004); *Walker v. State*, 268 Ga. App. 669, 674 (4) (a) (602 SE2d 351) (2004).

[19] See *Martin v. State*, 266 Ga. App. 392, 394 (4) (597 SE2d 445) (2004).