## A07A0892. SHEELY v. THE STATE.
(650 SE2d 762)

MIKELL, Judge.

A jury found Tierra Sheely guilty of armed robbery, false imprisonment, and possession of a firearm during the commission of a felony. Sheely claims in two enumerations of error that the trial court erred in denying her motion for a directed verdict of acquittal and that the verdict was contrary to the evidence. Finding no error, we affirm.

> The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. A motion for a directed verdict in a criminal case should only be granted when there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law.[1]

On appellate review of the sufficiency of the evidence to support a conviction,

---

[1] (Citation and footnote omitted.) *Oliver v. State*, 270 Ga. App. 429 (1) (606 SE2d 874) (2004); see OCGA § 17-9-1 (a).

[w]e view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

Viewed in the light most favorable to the jury's verdict, the record reflects that on June 2, 2004, E. W. Thompson, then eighty-nine years old, was robbed at his home at 1325 Plaza Avenue by two individuals, a man and a woman, who entered while he was in the rear of the house. The victim described the intruders as "stout" and black. He testified that the man "held a gun on me" while the woman was "rambling" through the house. The two intruders made him give them his car keys and then drove off in the victim's car; after they left, he realized that they had also stolen his pistol. Thompson then called police.

Officer Jimmy Butler and Investigator Mike Conner of the Atlanta Police Department, who responded to the scene, testified at trial that Thompson told them at the scene that the robbers had tied him up when they entered his home. Butler, who arrived at the scene before Conner, testified that he observed duct tape still hanging from the victim's left wrist; Conner testified that the victim showed him the tape that the intruders had put around his wrists. The officers described the victim's demeanor at the scene as "real shaky" and "jittery."

After Conner spoke with Thompson, he interviewed Thompson's neighbor, Greg Lewis, who was working that day on his house at 1317 Plaza Avenue, two doors down from the victim. Lewis told Conner that shortly before the robbery occurred, a man and a woman came into his front yard looking for work. He told them he had no work for them to do, and they left in the direction of Thompson's house. Lewis described the couple as heavy-set and the woman as having several tattoos. Conner testified that on August 4, 2004, he showed a photographic lineup to Lewis, and that within 30-35 seconds, Lewis positively identified Sheely as the female he had seen the day of the robbery. Lewis testified at trial that his earlier identification of Sheely was not positive; however, he also testified that he had not wanted to testify at all, and that he feared for his own and his family's safety.

---

[2] (Citation omitted.) *Walker v. State*, 280 Ga. App. 457 (1) (634 SE2d 93) (2006); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Thompson's car was recovered three days after the robbery occurred, and one of Sheely's fingerprints was found on the outside of the passenger side of the car. Conner testified that when he interviewed Sheely, she admitted that she was at Thompson's residence at the time of the incident; that she never went inside; that a man named Marcus entered the home, came out again, and got in Thompson's car; and that she got in the car with Marcus and they left together.

Sheely contends that the evidence was insufficient to support her convictions because the victim testified at trial that he was not tied up by the robbers, in contradiction to his earlier statement to police; because the description of the suspect's tattoos given by Lewis differed from the actual tattoos worn by Sheely; because Lewis testified at trial that he saw the suspects for only about 30 seconds and that his earlier identification of Sheely in the photographic lineup was not positive; and because Sheely's statement to Conner was neither recorded nor videotaped, and no one other than Conner was present when it was made. These contradictions or uncertainties in the evidence, however, do not render the evidence against Sheely insufficient.

> That some evidence offered by a witness seems contradictory to his own or to some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness for it is the function of the trier[ ] of fact to determine to what evidence it gives credence. It is not for us to determine or question how the jury resolved any apparent conflicts or uncertainties in the evidence. Rather, on appeal, we indulge every contingency in favor of the verdict.[3]

In particular, "identity is a question for the [trier] of fact, and . . . the credibility of the witness making such identification is not to be decided by this court. The jury decided this issue adversely to [Sheely], and we will not disturb its verdict."[4]

Sheely asserts that the state failed to prove the offense of armed robbery because the victim testified at trial that the gun held by the male intruder was not actually pointed at him. This testimony, however, does not mean that the intruders did not commit the offense of armed robbery. Thompson was clear in his testimony at trial that "the guy held a gun on me." Under OCGA § 16-8-41 (a), "[a] person commits the offense of armed robbery when, with intent to commit

---

[3] (Citations and punctuation omitted.) *Walker v. State*, supra at 459 (1). See also *Smith v. State*, 214 Ga. App. 631, 634 (9) (448 SE2d 906) (1994) (weight to be given defendant's unrecorded statement to police is to be determined by the jury).

[4] (Footnote omitted.) *Johnson v. State*, 261 Ga. App. 98, 100 (1) (581 SE2d 715) (2003).

theft, he or she takes property of another from the person or the immediate presence of another *by use of* an offensive weapon."[5] "The element of 'use' is present when the victim is aware of the weapon and it has the desired forceful effect of assisting to accomplish the robbery."[6] Sheely's reliance on *Hicks v. State*[7] is misplaced. There, the victim was asleep when the defendant took her billfold.[8] Because the theft occurred before the victim became aware that her attacker had a gun, his conviction for armed robbery was reversed.[9] In contrast, in the case at bar the evidence shows that before the robbery occurred, the victim was aware that the intruders had a gun.[10]

Sheely further complains that her confession to police was not corroborated as required by OCGA § 24-3-53[11] and was therefore insufficient to support her convictions. We disagree. Here, the testimony of Thompson and Lewis, as well as the evidence of Sheely's fingerprint found on the stolen car, all provide corroboration of her statement. "[C]orroboration of a confession in any particular satisfies the requirements of the statute."[12]

The jury was authorized to find that Sheely was present when the crime was committed; that she entered the house with a male companion; that she participated in restraining the victim and stealing his revolver, car keys, and car; and that the robbery was accomplished "by use of an offensive weapon."[13] We conclude that the evidence was sufficient for a rational trier of fact to find Sheely guilty beyond a reasonable doubt of the crimes of which she was convicted.[14]

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED AUGUST 2, 2007.

*Cynthia W. Harrison*, for appellant.

---

[5] (Emphasis supplied.)

[6] (Citation, punctuation and footnote omitted.) *Jackson v. State*, 248 Ga. App. 7, 9 (1) (545 SE2d 148) (2001).

[7] 232 Ga. 393 (207 SE2d 30) (1974).

[8] Id. at 394.

[9] Id. at 403.

[10] See *Oliver v. State*, 232 Ga. App. 816, 818 (1) (503 SE2d 28) (1998) (distinguishing *Hicks*, this Court affirmed an armed robbery conviction where evidence showed that the theft was completed after victim saw that defendant was holding a knife).

[11] OCGA § 24-3-53 ("All admissions shall be scanned with care, and confessions of guilt shall be received with great caution. A confession alone, uncorroborated by any other evidence, shall not justify a conviction").

[12] (Citation and punctuation omitted.) *Miller v. State*, 268 Ga. 1, 2 (485 SE2d 752) (1997); *Phanamixay v. State*, 260 Ga. App. 177, 179 (1) (581 SE2d 286) (2003).

[13] OCGA § 16-8-41 (a), supra.

[14] *Jackson v. Virginia*, supra.

*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Assistant District Attorney*, for appellee.