A08A0988. ENGRISCH v. THE STATE.
(668 SE2d 319)

PHIPPS, Judge.

After a jury trial, Randall Charles Engrisch was convicted of armed robbery. He moved for a new trial, arguing, among other things, that the evidence was insufficient to establish the essential elements of the charged offense and that evidence that he had been coerced into participating in the robbery demanded a directed verdict as a matter of law. The court denied the motion, and Engrisch appeals. Finding no error, we affirm.

On appellate review of the sufficiency of the evidence to support a conviction, we review the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[1]

So viewed, the evidence showed that in the early morning of April 5, 2006, Engrisch and three other men approached a restaurant

---

[1] *Sheely v. State*, 287 Ga. App. 92, 92-93 (650 SE2d 762) (2007).

in two cars. A man with a gun got out of a car driven by Engrisch and entered the restaurant. This man demanded money from an employee, who opened the cash register at gunpoint. The gunman took money from the cash register, then got into the passenger seat of one of the cars waiting outside and fled. The police received a call about the incident that included the description of a vehicle believed to have been involved in the robbery. An officer responding to the call pursued Engrisch, whose car matched the description. Engrisch ultimately abandoned his car, attempted to flee on foot, and was apprehended. Money consistent with the quantity and denominations taken from the cash register was found in Engrisch's car.

At the scene, Engrisch admitted his involvement in the robbery, and he repeated this admission in a recorded statement at the police station, which was played for the jury. In both statements Engrisch claimed that he had been coerced to participate in the robbery by the other participants, who threatened him with a gun and stated that if he did not participate they would take his children.

"A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon."[2] Engrisch argues that there was no evidence that he was the gunman who entered the restaurant. But there was evidence that Engrisch knowingly participated in the armed robbery by accompanying the gunman to the restaurant and by driving the getaway car.[3] A person who "[i]ntentionally aids or abets in the commission of the crime" is a person concerned in the commission of the crime and, as such, "is a party thereto and may be charged with and convicted of commission of the crime."[4]

Nevertheless, Engrisch argues that the evidence that he was coerced to participate in the robbery precluded the jury from finding him guilty and instead required a directed verdict of acquittal.

> A person is not guilty of a crime, except murder, if the act upon which the supposed criminal liability is based is performed under such coercion that the person reasonably believes that performing the act is the only way to prevent his imminent death or great bodily injury.[5]

"The danger must not be one of future violence but of present and

---

[2] OCGA § 16-8-41 (a).

[3] See *Tanksley v. State*, 226 Ga. App. 505, 506 (487 SE2d 98) (1997).

[4] OCGA § 16-2-20 (a), (b) (3).

[5] OCGA § 16-3-26.

immediate violence at the time of the commission of the forbidden act."[6]

When a defendant raises the affirmative defense of coercion and presents evidence to support it, the state has the burden of disproving the defense beyond a reasonable doubt.[7] Whether a defendant is coerced into acting, however, is a question for the trier of fact.[8] The jury was not required to believe Engrisch's testimony that he was coerced into participating in the commission of the armed robbery,[9] and the evidence at trial authorized the jury to find that the state had disproved Engrisch's coercion defense. Engrisch admitted that when the gunman got out of the car he was driving and went into the restaurant, Engrisch did not drive away but instead got out of his car and walked up to the door of the restaurant. In addition, Engrisch did not indicate a belief that his children were in danger of immediate violence, as opposed to some future danger, and when apprehended he did not seek protection for the children or ask about their safety.

We find no merit in Engrisch's argument that the evidence was insufficient to support his armed robbery conviction and that the court was required to direct a verdict of acquittal.[10]

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED OCTOBER 3, 2008.

*Gregory D. McKeithen*, for appellant.

*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney*, for appellee.

---

[6] *Chambers v. State*, 154 Ga. App. 620, 624 (1) (269 SE2d 42) (1980) (citations omitted).

[7] *Palmer v. State*, 247 Ga. App. 586, 586-587 (1) (544 SE2d 215) (2001).

[8] *Treadwell v. State*, 272 Ga. App. 508, 510 (1) (613 SE2d 3) (2005).

[9] See *Martinez v. State*, 278 Ga. App. 500 (629 SE2d 485) (2006); *Treadwell*, supra at 509-510.

[10] See *Blocker v. State*, 265 Ga. App. 846, 852 (5) (595 SE2d 654) (2004).