## A10A0074. WATTS v. THE STATE.
### (690 SE2d 503)

JOHNSON, Presiding Judge.

A jury found Jeremiah Watts guilty of one count of armed robbery and not guilty of an additional count of armed robbery. Watts appeals from the conviction entered on the verdict, alleging that the evidence was insufficient to sustain the conviction, that the trial court erred in admitting hearsay testimony, and that he received ineffective assistance of counsel. We find no reversible error and affirm.

1. Watts first claims that the evidence was insufficient to support his conviction. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence.[1] We do not weigh the evidence or determine the credibility of witnesses, but only determine if the evidence is sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

So viewed, the evidence shows that on November 5, 2003, Steven Cleveland drove Watts and Nicholas Clarkson to a convenience store

---

[6] Id. at 533.

[7] *Bryant v. State*, 265 Ga. App. 234, 236 (593 SE2d 705) (2004) (citations omitted).

[1] *Hall v. State*, 282 Ga. 294, 297 (3) (647 SE2d 585) (2007).

[2] Id.

in Bulloch County. Cleveland remained in the car while Watts and Clarkson, who was armed with a gun, entered the store and robbed it.

On November, 12, 2003, after a police officer showed Watts several photographs of him taken by the store's surveillance camera while he was committing the robbery, Watts admitted driving to the store with Cleveland and Clarkson, but claimed that Clarkson coerced him into participating by pointing a gun at him and threatening his life. Watts later gave a second statement to police, in which he claimed that it was Cleveland who coerced him into participating in the robbery.

While Watts asserts that the evidence showed that he was merely "following the instructions of the second man in the store," the jury was authorized to reject Watts' defense. Not only did Watts give conflicting statements as to who allegedly coerced him into participating, but his testimony that Cleveland entered the store behind him while holding him at gunpoint was contradicted by the video evidence taken by the store's surveillance camera, which showed Watts entering the store *after* the gunman, removing money from the store's cash register, and following the gunman out of the store.

The resolution of conflicts in the evidence is a matter for the jury, and "whether or not a defendant is coerced into acting is a question for the trier of fact."[3] Based on the evidence presented, the jury was authorized to conclude that Watts was not coerced into committing the offense of armed robbery.[4]

2. Watts also claims that the trial court erred in allowing hearsay evidence regarding the reason he changed his story as to who coerced him into committing the robbery. At trial, Cleveland testified that Clarkson told him that when he and Watts were incarcerated in the same dormitory, Watts agreed to change his story so that it was Cleveland and not Clarkson who coerced him into committing the robbery. Watts now claims that this statement was inadmissible hearsay. However, pretermitting whether the statement was admissible pursuant to the co-conspirator exception to the hearsay rule,[5] Watts made no objection to the testimony so the alleged error has not been preserved for review.[6]

3. Watts claims that his counsel was ineffective in failing to

---

[3] (Punctuation omitted.) *Treadwell v. State,* 272 Ga. App. 508, 510 (1) (613 SE2d 3) (2005).

[4] Id.

[5] OCGA § 24-3-5; *Fetty v. State,* 268 Ga. 365, 371 (7) (489 SE2d 813) (1997); *Verdree v. State,* 299 Ga. App. 673, 676 (1) (a) (683 SE2d 632) (2009).

[6] *Daniel v. State,* 285 Ga. 406, 411 (6) (677 SE2d 120) (2009).

object to the testimony he now claims was inadmissible hearsay. In order to establish ineffective assistance, Watts must show both that his counsel's performance was deficient and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[7]

Here, Watts admitted that he participated in the robbery, he provided conflicting statements to the police as to who coerced him into committing the robbery, and the video evidence introduced at trial contradicted his testimony that he was coerced into robbing the store. As a result, there is no reasonable probability that the guilty verdict resulted from the admission of evidence regarding the explanation provided to Cleveland by Clarkson as to why Watts changed his original claim that Clarkson had coerced him into committing the robbery. If anything, the evidence supported Watts' defense by showing that he was susceptible of being persuaded into taking action that was not in his best interest. Because it cannot be said that Watts' conviction resulted from a breakdown in the adversary process that renders the result unreliable, Watts' claim of ineffective assistance of counsel has no merit.[8]

*Judgment affirmed. Miller, C. J., and Phipps, J., concur.*

DECIDED FEBRUARY 2, 2010.

*Jones, Osteen & Jones, Linnie L. Darden III*, for appellant.
*Richard A. Mallard, District Attorney, W. Scott Brannen, Assistant District Attorney*, for appellee.

---

[7] *Miller v. State*, 285 Ga. 285, 286 (676 SE2d 173) (2009).

[8] Id.; *Hill v. State*, 290 Ga. App. 140, 146 (5) (f) (658 SE2d 863) (2008).