## A11A0407. HINES v. THE STATE.
### (707 SE2d 534)

MIKELL, Judge.

Following a jury trial, Lance Hines was convicted of driving under the influence per se[1] and driving under the influence to the extent that he was a less safe driver.[2] The trial court denied Hines's motion for new trial,[3] and he appeals, asserting error in the denial of his motion to suppress and also contending that the verdict was contrary to the evidence of his justification defense. For the reasons set forth below, we affirm.

Viewing the evidence in a light most favorable to the verdict,[4] the record shows that around 11:00 p.m. on November 16, 2007, Lieutenant Rusty Brooks of the City of Dublin Police Department, a POST-certified law enforcement officer with 20 years' experience, was sent to Buffalo's restaurant in Dublin in response to a call about a fight in progress in the restaurant parking lot. Brooks testified that as he arrived at the parking lot, he noticed a black pickup truck, driven by Hines, exiting the lot in a reckless manner. When asked on cross-examination what he meant by "a reckless manner," Brooks stated that Hines "wasn't driving out of the parking lot in a normal manner"; that "[w]hen [Hines] backed up he was backing out in a hurry and he was leaving the parking lot in a big hurry"; and that he was going "[m]uch faster" than normal for a parking lot. Brooks estimated the truck's speed to be at least 25 mph as it exited the lot. In light of the report Brooks had received about a fight in progress, Brooks concluded from his knowledge, training, and experience that the driver of the pickup truck was involved in the fight and was trying to flee the scene. Brooks pulled his police car in front of the pickup truck and stopped it in order to question the driver about whether he was involved in the fight.

---

[1] OCGA § 40-6-391 (a) (5).

[2] OCGA § 40-6-391 (a) (1).

[3] At the hearing scheduled on Hines's motion for new trial, the parties agreed to submit the issues raised for decision on the briefs.

[4] *Al-Amin v. State*, 278 Ga. 74 (1) (597 SE2d 332) (2004).

Brooks testified that as he approached the truck, he could smell the odor of alcoholic beverage on Hines's person. When Brooks asked Hines for his driver's license, Hines admitted that his license had been suspended and that he had been drinking. Hines testified at trial that he was driving his truck to the gas station next door in order to avoid the fight in the parking lot of Buffalo's.

Brooks then turned the investigation over to Stephen Grieser, another Dublin Police Department officer at the scene, who had specialized training in DUI detection. Grieser also testified to the odor of alcoholic beverage on Hines, and he asked Hines to perform standardized field sobriety tests, including the horizontal gaze nystagmus (HGN), the walk and turn, and the one-leg stand, as well as a portable breath test. Grieser testified that Hines exhibited six of eight clues on the HGN test, which indicated in Grieser's experience that Hines was over the 0.08 blood alcohol concentration limit. On both the other tests, Hines started before being instructed to, which Grieser testified was an indication of impairment. Grieser further testified that Hines tested positive for alcohol on the portable breath test device, with a reading of over 0.08. Grieser then placed Hines under arrest and read him the implied consent form. Hines submitted to an Intoxilyzer test, which indicated a blood alcohol concentration of 0.122.

1. Hines first contends that the trial court's denial of his motion to suppress was error because Brooks lacked reasonable articulable suspicion to stop Hines's vehicle. We disagree.

On review of a trial court's order on a motion to suppress, we are guided by three principles with respect to the trial court's judgment of the facts:

> First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support them. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.[5]

"Because there was testimonial evidence in this case, we do not apply

---

[5] (Punctuation and footnote omitted.) *Bramlett v. State*, 302 Ga. App. 527, 528 (691 SE2d 333) (2010). Accord *Taylor v. State*, 249 Ga. App. 733 (549 SE2d 536) (2001).

a de novo standard of review."[6]

Hines contends that Brooks did not have reasonable suspicion to make the stop of his vehicle. Assuming without deciding that Brooks's stop of Hines's truck was a "second-tier encounter"[7] requiring the officer to have "reasonable suspicion,"[8] it is well settled that "an officer may conduct a brief investigatory stop of a vehicle if such stop is justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct."[9] In this case, Brooks testified that Hines was driving in a reckless manner, much faster than to be expected in a parking lot; this testimony, in conjunction with the report of a fight in progress in the parking lot, led the officer to suspect that Hines had been involved in the fight and was attempting to flee the scene. This evidence supports the trial court's conclusion that Brooks had "articulable suspicion" to stop Hines and investigate further his connection to the reported fight.

Hines essentially asks us to re-weigh the evidence to find that the officer lacked "reasonable suspicion" for stopping his vehicle. However, "[a]s a reviewing court, we must accept the factual and credibility determinations and inferences drawn by the trier of fact, . . . as long as there is evidence in the record to support the court's findings."[10] Accordingly, we find no error in the trial court's denial of the motion to suppress.

2. In his second enumeration of error, Hines contends that the trial court "erred in finding that Appellant lacked justification for driving under the influence of alcohol because it was against the weight of the evidence." This enumeration is without merit.

(a) The record does not support Hines's contention that the trial court made a "finding" that Hines lacked justification. On the contrary, the trial court instructed the jury on the defense of justification by reason of coercion.[11] Hines did not object to the

---

[6] (Footnote omitted.) *Butler v. State*, 303 Ga. App. 564, 565 (694 SE2d 168) (2010). Accord *State v. Guyton*, 295 Ga. App. 786, 787 (673 SE2d 290) (2009).

[7] "There are at least three types of police-citizen encounters: verbal communications which involve no coercion or detention; brief 'stops' or 'seizures' which must be accompanied by a reasonable suspicion; and 'arrests' which can only be supported by probable cause." (Punctuation and footnote omitted.) *Stadnisky v. State*, 285 Ga. App. 33, 36 (2) (645 SE2d 545) (2007).

[8] Id. ("a second-tier encounter may violate the Fourth Amendment if the officer briefly 'stops' or 'seizes' a citizen without reasonable suspicion") (footnote omitted).

[9] (Punctuation and footnote omitted.) *Camacho v. State*, 292 Ga. App. 120, 122 (1) (663 SE2d 364) (2008).

[10] *State v. Ellison*, 271 Ga. App. 898, 901 (3) (a) (611 SE2d 129) (2005). Accord *Page v. State*, 296 Ga. App. 431, 433-434 (1) (a) (674 SE2d 654) (2009).

[11] OCGA § 16-3-20 provides that "[t]he fact that a person's conduct is justified is a defense to prosecution for any crime based on that conduct." The defense of justification can be claimed when a person's conduct is justified under (among other Code sections) OCGA §

pattern charge given by the judge, either when it was discussed at the charge conference or after the judge completed the charge to the jury. Because Hines "failed to lodge a specific objection to the [jury] charge and assert the grounds for his objection[,] this claim was waived for purposes of appellate review."[12]

(b) Hines further argues that the evidence was insufficient to sustain his convictions because he presented evidence of coercion. Under OCGA § 16-3-26, a person cannot be guilty of any crime, except murder, "if the act upon which the supposed criminal liability is based is performed under such coercion that the person reasonably believes that performing the act is the only way to prevent his imminent death or great bodily injury." But "[t]he danger must not be one of future violence but of present and immediate violence at the time of the commission of the forbidden act."[13] Coercion is an affirmative defense,[14] but it is a defense "only if the person coerced has no reasonable way, other than committing the crime, to escape the threat of harm."[15] The state has the burden to disprove coercion beyond a reasonable doubt.[16]

On cross-examination, Hines admitted that he was not coerced into driving the car away from the restaurant. Hines testified that an employee of the restaurant asked him to leave; that he drove away to avoid a fight; that he had three or four beers before driving the truck; that he had a cell phone in his possession but he did not attempt to call 911, nor did he ask the Buffalo's employees to call a cab for him; and that the person who was trying to fight him was in the parking lot but was not armed.

"[W]hether the [s]tate has met its burden of disproving coercion is a question for the jury."[17] Here, the jury resolved this issue against Hines, and as its verdict meets the standard of *Jackson v. Virginia*,[18] it will not be disturbed on appeal.[19]

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

---

16-3-26, which sets forth the defense of coercion.

[12] *Hicks v. State*, 287 Ga. 260, 264 (4) (695 SE2d 195) (2010).

[13] (Footnote omitted.) *Thomas v. State*, 285 Ga. App. 290, 292 (1) (645 SE2d 713) (2007). Accord *Slater v. State*, 185 Ga. App. 889, 890 (2) (366 SE2d 240) (1988).

[14] See OCGA § 16-3-28.

[15] (Citation omitted.) *Stitt v. State*, 190 Ga. App. 58, 59 (378 SE2d 168) (1989). Accord *Rodriguez v. State*, 306 Ga. App. 169, 170 (1) (702 SE2d 10) (2010).

[16] *Aleman v. State*, 227 Ga. App. 607, 608 (1) (489 SE2d 867) (1997). Accord *Bentley v. State*, 261 Ga. 229, 230 (2) (404 SE2d 101) (1991).

[17] (Citation omitted.) *Davis v. State*, 232 Ga. App. 882, 883 (1) (502 SE2d 779) (1998). Accord *Engrisch v. State*, 293 Ga. App. 810, 812 (668 SE2d 319) (2008) ("Whether a defendant is coerced into acting . . . is a question for the trier of fact.") (footnote omitted); *Stitt*, supra. See also *Bentley*, supra.

[18] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[19] See *Brinson v. State*, 244 Ga. App. 40, 42 (537 SE2d 370) (2000).

DECIDED MARCH 8, 2011.

*Edward V. C. Silverbach*, for appellant.
*Craig Fraser, District Attorney, Chad A. Pritchett, Assistant District Attorney*, for appellee.