RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0158p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────

XAVIER DEMETRIUS PORTER,

     *Petitioner-Appellant,*

 *v.*

UNITED STATES OF AMERICA,

     *Respondent-Appellee.*

⎤
⎟
⎟
⎟  No. 18-5091
⎟
⎟
⎦

─────────────

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
Nos. 3:13-cr-00164-1; 3:16-cv-00813—Thomas B. Russell, District Judge.

Argued:  May 8, 2020

Decided and Filed:  May 20, 2020

Before:  SILER, GIBBONS, and THAPAR, Circuit Judges.

─────────────

## COUNSEL

**ARGUED:**  Erin R. Chapman, HOGAN LOVELLS US LLP, Washington, D.C., for Appellant.
Terry M. Cushing, UNITED STATES ATTORNEY'S OFFICE, Louisville, Kentucky for
Appellee.  **ON BRIEF:**  Erin R. Chapman, HOGAN LOVELLS US LLP, Washington, D.C., for
Appellant.  Monica Wheatley, UNITED STATES ATTORNEY'S OFFICE, Louisville,
Kentucky, for Appellee.  Xavier Porter, Jesup, Georgia, pro se.

─────────────

## OPINION

─────────────

THAPAR, Circuit Judge.  Xavier Porter has committed more than a few armed robberies
during his lifetime.  He now argues that those robberies don't qualify as "violent felonies" or
"crimes of violence" under federal law.  The district court rejected his arguments.  We affirm.

Over a six-week period, Porter robbed nine different businesses around Louisville, Kentucky—often with some assistance from a pistol-grip shotgun. He wasn't at large for long. Porter eventually pled guilty to nine counts of Hobbs Act robbery, one count of brandishing a firearm during and in relation to a crime of violence, and one count of being a felon in possession of a firearm. *See* 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A)(ii), 1951(a). The district court sentenced him to 30 years' imprisonment.

That sentence depended on two provisions of the Armed Career Criminal Act. Section 924(c) creates the substantive offense of brandishing a firearm during and in relation to a "crime of violence." Section 924(e) creates a sentencing enhancement for those who possess a firearm after three prior convictions for a "violent felony." As relevant here, these provisions use nearly identical pairs of clauses—each with an elements clause and a residual clause—to define the terms "crime of violence" and "violent felony." *Id.* §§ 924(c)(3), 924(e)(2)(B).

In earlier proceedings, the district court found that both § 924(c) and § 924(e) applied to Porter because of his convictions for Hobbs Act robbery and because he had three prior convictions for Georgia armed robbery. But since then the Supreme Court has held that the residual clauses in both § 924(c) and § 924(e) are unconstitutionally vague. *See United States v. Davis*, 139 S. Ct. 2319, 2336 (2019); *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). So the question for us is whether his convictions still qualify as "violent felonies" or "crimes of violence" based solely on the elements clauses in § 924(c) and § 924(e).

To start, both parties claim that the other party has forfeited or waived various arguments. But since it doesn't change the outcome—and simplifies the analysis—we'll just cut to the merits. *See United States v. Sharp*, 689 F.3d 616, 618 (6th Cir. 2012).

As for the merits, Porter argues that Georgia armed robbery doesn't qualify as a "violent felony" under the elements clause in § 924(e). That provision requires the underlying felony to have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). To determine whether a felony qualifies, we look to its statutory elements and judicial interpretations of those elements—not the facts

underlying the conviction.  *See Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016); *United States v. Harris*, 853 F.3d 318, 320 (6th Cir. 2017).

At the time of Porter's convictions, a person committed Georgia armed robbery when he took "property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon" with the "intent to commit theft."  Ga. Code Ann. § 16-8-41(a) (1995).[1]  According to the Georgia Supreme Court, an "offensive weapon" is the same as a "deadly weapon."  *Long v. State*, 700 S.E.2d 399, 402 (Ga. 2010).

Both history and common sense suggest that robbery with a deadly weapon involves an element of physical force.  *Cf. Stokeling v. United States*, 139 S. Ct. 544, 550–52 (2019).  Precedent holds the same.  *See, e.g.*, *United States v. Harris*, 790 F. App'x 770, 774–75 (6th Cir. 2019) (Kentucky armed robbery); *Reliford v. United States*, 773 F. App'x 248, 251–53 (6th Cir. 2019) (Michigan armed robbery); *United States v. Patterson*, 853 F.3d 298, 302–05 (6th Cir. 2017) (Ohio aggravated robbery); *United States v. Gloss*, 661 F.3d 317, 318–19 (6th Cir. 2011) (Tennessee aggravated robbery).  In fact, our circuit has said that "[a]ny robbery accomplished with a real or disguised deadly weapon . . . necessarily involves the use, attempted use, or threatened use of physical force against the person of another."  *Gloss*, 661 F.3d at 319 (cleaned up).  So Georgia armed robbery would seem to qualify.

Even still, Porter offers some reasons why the Georgia offense might be different.

First, Porter argues that a person can commit Georgia armed robbery by the mere "possession" of a weapon.  That would be surprising given that the statute expressly mentions the "use" of a weapon. Ga. Code Ann. § 16-8-41(a).  And what the statutory text suggests the case law confirms.  *See, e.g.*, *Bates v. State*, 750 S.E.2d 323, 326 (Ga. 2013); *Sheely v. State*, 650 S.E.2d 762, 764 (Ga. Ct. App. 2007).  True, a defendant satisfies the "use" element so long

---

[1]The parties argue about whether this statute is divisible between "armed robbery" and "robbery by intimidation."  But the statute expressly says that robbery by intimidation is a "lesser included offense" of armed robbery.  Ga. Code Ann. § 16-8-41(a).  By definition, then, armed robbery involves a separate and distinct crime from robbery by intimidation (*i.e.*, a person can commit the latter crime without committing the former).  Here the parties agree that Porter committed armed robbery.  And neither party argues that armed robbery is further divisible.

as he makes his victim aware of the weapon in a way that facilitates the robbery—even if he never *displays* the weapon. *See, e.g.*, *Sheely*, 650 S.E.2d at 764; *McCluskey v. State*, 438 S.E.2d 679, 681 (Ga. Ct. App. 1993). But that's enough under our precedent. *See Gloss*, 661 F.3d at 318–19. And this element distinguishes Georgia armed robbery from other offenses found not to be violent felonies. *Cf. United States v. Parnell*, 818 F.3d 974, 982 (9th Cir. 2016) (Watford, J., concurring) (noting the "oddity" of a law under which a person could commit armed robbery "even if the victim never learns of the gun's presence, and even if the gun plays no role in facilitating the crime").

Porter also points out that a person can commit Georgia armed robbery without a real weapon. The statute covers not just the use of an "offensive weapon" but also the use of "any replica, article, or device having the appearance of such weapon." Ga. Code Ann. § 16-8-41(a). Based on this language, Georgia courts have upheld convictions for armed robbery when the defendant used a toy gun, a sock-covered pipe, or even just a hand inside a jacket to create the appearance of a weapon. *See Price v. State*, 658 S.E.2d 382, 384–85 (Ga. Ct. App. 2008) (toy gun); *Faulkner v. State*, 581 S.E.2d 365, 367 (Ga. Ct. App. 2003) (sock-covered pipe); *Joyner v. State*, 628 S.E.2d 186, 188 (Ga. Ct. App. 2006) (hand inside jacket). But again, that's enough to satisfy the elements clause. *See Harris*, 790 F. App'x at 775; *Gloss*, 661 F.3d at 318–19. After all, if you threaten to shoot someone, you've clearly threatened the use of physical force. And the elements clause doesn't require that you have the ability to carry through on that threat. *See Lassend v. United States*, 898 F.3d 115, 128–130 (1st Cir. 2018) (collecting cases).

Porter next argues that Georgia armed robbery can involve the use of force against "property" rather than a "person." But he hasn't identified any case in which that's happened. Indeed, Georgia courts typically say that armed robbery requires "the use of actual force or intimidation (constructive force) *against another person*." *Johnson v. State*, 707 S.E.2d 92, 95 (Ga. 2011) (citation omitted; emphasis added). To be sure, there's some loose language in a few cases suggesting that a defendant can simply threaten a person's "property" or "character." *Green v. State*, 818 S.E.2d 535, 540 (Ga. 2018) (citation omitted). But as far as we can tell—or Porter has shown—Georgia courts have never upheld a conviction for armed robbery based on this language. And why would they need to? Recall that Georgia armed robbery requires that

the defendant make his victim aware of the deadly weapon and that he commit the crime in the victim's "immediate presence." Ga. Code § Ann. 16-8-41(a). It's hard to imagine a scenario where that wouldn't involve a threat—at least an implied one—to use physical force against that person. *Cf. Patterson*, 853 F.3d at 302–03.

Porter primarily points to a single case to establish such a scenario. *See Maddox v. State*, 330 S.E.2d 911 (Ga. Ct. App. 1985). But in that case, the court merely noted that a defendant need not directly point a firearm at a victim to threaten his person. *Id*. at 913–14. It was enough that the defendant made his victim aware of the weapon to accomplish the robbery. *See id*. at 913 (noting that "merely seeing a shotgun being carried into a place of business has an intimidating effect on the proprietor"). Given all this, Porter hasn't shown a "realistic probability" that Georgia would apply its statute to cases in which a defendant threatens only a victim's property. *Perez v. United States*, 885 F.3d 984, 990 (6th Cir. 2018) (citation omitted).

Finally, Porter points out that the Georgia statute doesn't use the word "force" or a synonym like "violence." But the same has been true of past offenses found to satisfy the elements clause. *See, e.g.*, *Harris*, 790 F. App'x 774–75; *Patterson*, 853 F.3d at 302–03. Legislatures don't need to use magic words—like "force" or "violence"—to create a "violent felony." Instead, the Armed Career Criminal Act simply asks whether the offense includes an element of physical force. And Georgia armed robbery surely does. *See Gloss*, 661 F.3d at 319; *see also United States v. Thomas*, 280 F.3d 1149, 1159 (7th Cir. 2002) (holding that Georgia robbery by intimidation—a lesser-included offense of armed robbery—satisfies the elements clause). So this argument fares no better than the rest.

In sum, Georgia armed robbery qualifies as a "violent felony" under § 924(e).

Porter also argues that Hobbs Act robbery doesn't qualify as a "crime of violence" under the elements clause in § 924(c). But our circuit has repeatedly rejected this argument. *See, e.g.*, *United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018); *United States v. Gooch*, 850 F.3d 285, 290–92 (6th Cir. 2017). And every other circuit to address the question has done the same. *See United States v. Bowens*, 907 F.3d 347, 354 n.11 (5th Cir. 2018) (collecting cases).

We affirm.